STANLEY BARAN'S CASE.

Berkshire.    September 26, 1957. — November 6, 1957.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Workmen's Compensation Act*, Injuries to which act applies.    *Proximate Cause.*

An employee unintentionally shot, while leaving his employer's premises at the close of the day's work by an egress customarily used by employees with the employer's sanction, by a stranger in a room in a nearby house engaging in aiming practice with a rifle received an injury arising out of and in the course of his employment within the workmen's compensation act.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Paquet*, J.

*J. Norman O'Connor*, (*Walter J. Donovan* with him,) for the claimant.

*Arthur E. Quimby*, (*Richard A. Schmaltz* with him,) for the insurer.

WILKINS, C.J. On November 16, 1953, the employee was unintentionally shot while leaving his employer's mill at the close of the day's work and while on a part of the premises customarily used by employees as an egress with the sanction of the employer. The bullet came from a rifle held by a stranger, one Mordeszewski, nearly sixteen years of age, who was alone in his room in a house in the vicinity and engaging in aiming practice. No similar shooting had occurred in the neighborhood, and the employer had no knowledge that Mordeszewski or anyone was in the habit of aiming firearms at its employees. The facts were agreed. The single member, constrained by *Harbroe's Case*, 223 Mass. 139, ruled that the employee's injury, although received in the course of his employment, did not arise out of the employment. G. L. (Ter. Ed.) c. 152, § 26, as amended. The reviewing board adopted the decision of the single member. From a decree of the Superior Court dismissing his claim for compensation, the employee appealed.

In *Harbroe's Case*, 223 Mass. 139, a night watchman who was accidentally shot while on his employer's premises in an exchange of gunfire with law officers mistaken for robbers was held not to have received an injury arising out of his employment. That case, which was decided in 1916, cannot be accepted as stating the present law of this Commonwealth. Its decision was based, in part at least, upon the supposed absence of a special risk incident to the performance of the employee's duties (pages 141–143). But in the more recent view of our cases special exposure to the danger is not required.

We are unable to restrict the effect of certain language in

those cases as the insurer has urged us to do. We think that they disclose the development of a consistent course which is a departure from the earlier view expressed, for example, in *McNicol's Case*, 215 Mass. 497. The injury "need not arise out of the nature of the employment. An injury arises out of the employment if it arises out of the nature, conditions, obligations or incidents of the employment; in other words, out of the employment looked at in any of its aspects." *Caswell's Case*, 305 Mass. 500, 502. "The question is whether his employment brought him in contact with the risk that in fact caused his death. . . . The inquiry has been whether his employment exposed him to the risk, whatever it was, which actually caused the injury." *Souza's Case*, 316 Mass. 332, 334. "There was a causal connection between the employment and the injury if the employment exposed the employee to the risk which caused the injury." *Kubera's Case*, 320 Mass. 419, 420. "It is true that the employee might have been exposed to a similar risk if he had not been driving the taxi. But that is not the question. The question is whether his employment brought him in contact with the risk that in fact caused his injuries." *McLean's Case*, 323 Mass. 35, 38. A material inquiry is whether the employee was upon his employer's premises occupying himself consistently with his contract of hire in some manner pertaining to or incidental to his employment. *Souza's Case*, 316 Mass. 332, 335. *Bradford's Case*, 319 Mass. 621, 622. *Zarba* v. *Lane*, 322 Mass. 132, 134. *Warren's Case*, 326 Mass. 718, 720–721. *Moore's Case*, 330 Mass. 1, 3–4. Such occupation includes the act of leaving the premises at the end of the day's labor. *O'Brien's Case*, 228 Mass. 380. *White* v. *E. T. Slattery Co.* 236 Mass. 28, 34. *Mannering's Case*, 290 Mass. 517, 519. *Adiletto* v. *Brockton Cut Sole Corp.* 322 Mass. 110, 112.

The insurer, however, objects that the nature of the injury necessarily precludes a finding that it arose out of the employment. Stress is laid upon the lack of relationship between the employee's work and the injury, upon the remote likelihood of such an occurrence anyway, upon the absence

of similar shootings in the neighborhood, and upon the lack of knowledge that the culprit or anyone thereabouts had a habit of aiming loaded firearms at the insurer's employees or at other persons. Those considerations would be proper in assessing liability in tort. We are dealing, however, with a workmen's compensation case. The findings of the board show that the employment brought the employee in contact with the risk of being shot by the particular bullet which struck him. See *Burgess's Case*, 331 Mass. 90, 92. It is, therefore, our opinion that the employee met with an injury arising out of and in the course of his employment.

No useful purpose would be served by a discussion of decisions in other jurisdictions. Some would be considered in accord with the result we reach. Some would not. The cases on stray bullets are to be found in Larson, Workmen's Compensation Law, §§ 10.11–10.13.

The decree of the Superior Court is reversed, and a decree must be entered for the employee for compensation under the act. Costs of this appeal under G. L. (Ter. Ed.) c. 152, § 11A, inserted by St. 1945, c. 444, as amended, may be allowed by the single justice.

*So ordered.*