219 A.2d 133.

JOAN RUTH BOULLIER *vs.* THE SAMSAN COMPANY.

APRIL 25, 1966.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This is an employee's original petition for benefits under the workmen's compensation act. After a hearing before the trial commissioner a decree was entered denying and dismissing the petition. The cause is before us on the petitioner's appeal from the decree of the full

commission which affirmed the decree of the trial commissioner.

The record discloses that petitioner was employed as a "painter," so called, at respondent's jewelry factory; that in the performance of her duties she used lacquers and thinners, substances which admittedly emit noxious fumes; that in the area where she worked there were no fans or other apparatus which would carry away the fumes; and that her supervisor told her she could leave her bench and take a break whenever fumes affected her.

It further appears that smoking was permitted on respondent's premises; and that some employees smoked while they worked but no smoking was permitted in the area where the thinners and the lacquers were located.

The petitioner testified that on November 18, 1964 she had been working about an hour and a half when she felt overcome by the fumes; that she thereupon went to the ladies room to get some fresh air and smoke a cigarette; that upon her arrival there she opened the window to get some fresh air, struck a match and the next thing she knew she was in flames; and that her nylon-dacron blouse was ablaze.

A fellow employee testified he saw petitioner run screaming from the ladies room, her blouse on fire. He threw a towel around her in an effort to smother the fire. In describing the flames he stated, "it was a bluish flame, sort of incandescent from the fumes that were burning." This witness stated unequivocally that fumes were present in petitioner's clothes.

The petitioner's supervisor testified that petitioner had permission to leave her workbench any time the fumes bothered her and go into any part of the shop to obtain some fresh air. He corroborated petitioner's testimony that the employees were permitted to smoke on the premises.

A statement given by petitioner to respondent's insur-

ance carrier was introduced into evidence. In it petitioner stated that when she was in the ladies room she attempted to light a cigarette, the book of matches caught fire and set fire to her blouse and undergarments. It is undisputed that petitioner received burns which hospitalized her for a period in excess of three weeks.

The full commission affirmed the decree of the trial commissioner which denied and dismissed the petition on the grounds that petitioner failed to prove by a fair preponderance of the evidence that her injuries arose out of and in the course of her employment.

The testimony of petitioner and her co-workers was uncontradicted. The issue before us therefore is the legal effect of this testimony as to whether petitioner's injuries were compensable. This is a question of law which is subject to review on appeal. *Corry* v. *Commissioned Officers' Mess (Open)*, 78 R. I. 264; *Sullivan* v. *State of Rhode Island*, 89 R. I. 119.

The criteria for the determination of this issue has been set forth by this court many times. In *DiLibero* v. *Middlesex Construction Co.*, 63 R. I. 509, we approved and applied a test which was set forth in *Ryerson* v. *A. E. Bounty Co.*, 107 Conn. 370, and which had been taken from the earlier case of *Marchiatello* v. *Lynch Realty Co.*, 94 Conn. 260. The full statement of the test as set out on page 263 in *Marchiatello* is as follows: "An injury arises out of an employment when it occurs in the course of the employment and is the result of a risk involved in the employment or incident to it, or to the conditions under which it is required to be performed. The injury is thus a natural or necessary consequence or incident of the employment or of the conditions under which it is carried on. Sometimes the employment will be found to directly cause the injury, but more often it arises out of the conditions incident to the employment. But in every case there must be apparent

680

some causal connection between the injury and the employment or the conditions under which it is required to be performed, before the injury can be found to arise out of the employment."

This rule has been repeated time and time again by this court. See *Nowicki* v. *Byrne*, 73 R. I. 89, *Corry* v. *Commissioned Officers' Mess (Open)*, 78 R. I. 264, and *Palmer* v. *Friendly Pharmacy, Inc.*, 84 R. I. 98. The problem, however, is in the application of the rule to the facts of the instant petition.

The fact that an employee is performing an act which could be considered personal to him when he is injured does not necessarily place him beyond the provisions of the workmen's compensation act, if there is shown a *nexus* or causal relationship between the injuries and the employment. We must bear in mind that in workmen's compensation cases we do not equate the term "causal connection" with the term "proximate cause" as found in negligence actions. Here, it is enough if the conditions and nature of the employment contribute to the injury. *Palmer* v. *Friendly Pharmacy, Inc., supra.*

In our search for the *nexus* we apply the rule set forth in *DiLibero* v. *Middlesex Construction Co., supra,* and we first attempt to determine if the injury occurred within the period of employment, at a place where the employee might reasonably have been, and while he was reasonably fulfilling duties of his employment or doing something incidental thereto or to the conditions under which those duties were to be performed. *Lima* v. *William H. Haskell Mfg. Co.*, 100 R. I. 312, 215 A.2d 229.

From the uncontradicted evidence in this case, although petitioner was injured during a rest period, it nevertheless occurred in the course of her employment as such a period during the working hours was a permitted incident of her employment. Furthermore, at the time of the injury peti-

tioner was at a place where she might reasonably be. Her supervisor's testimony stated that he had informed petitioner to get up and take a walk anywhere when the fumes bothered her. There can be no doubt that such periods were permitted as an incident of employment not only for the personal comfort of the employee but also as an aid in restoring her efficiency in the performance of her duties for respondent.

We believe that, here, petitioner's attempted use of cigarettes was all a part of her efforts to rehabilitate herself so that she could return to her work reinvigorated. Her use of tobacco in these circumstances did not constitute a departure from her employment.

In its brief respondent argued that petitioner could not recover and in support of its contention cited *Perri* v. *Scott Testers, Inc.*, 84 R. I. 91, and *Clarke* v. *Coats & Clark, Inc.*, 97 R. I. 163, 196 A.2d 423. Those cases, however, involved injuries received by employees while they were on their lunch hour under circumstances completely different from those in this case.

In this case it was the petitioner's feeling of discomfort from the fumes which precipitated her trip to the ladies room. This was a contributing cause to her injuries. Consequently the injuries arose out of and in the course of her employment, were connected therewith and referable thereto. It was error to deny this claim for compensation.

The petitioner's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the workmen's compensation commission for further proceedings.

### On Motion for Reargument.

#### May 6, 1966.

Per Curiam. After our opinion in the above cause was filed, the respondent by permission of the court presented a motion for leave to reargue setting forth therein certain

reasons on which it bases its contention that justice requires a reargument.

We have carefully considered those reasons and are of the opinion that they suggest nothing which in the circumstances warrants a reargument.

Motion denied.

*Joseph E. Marran, Jr.,* for petitioner.

*Joseph A. Kelly,* for respondent.