219 A.2d 214.

HENRY C. LONG, JR. *vs.* GORHAM CORPORATION.

MAY 5, 1966.

PRESENT: Roberts, C. J., Paolino, Powers and Joslin, JJ.

712

POWERS, J. This is an original petition for compensation as authorized by the provisions of the workmen's compensation act, G. L. 1956, §28-33-1. It was heard by a single commissioner who denied and dismissed the petition on the grounds that the petitioner had failed to establish by a fair preponderance of the evidence that the injury sustained arose out of and in the course of his employment, was connected therewith and referable thereto. A decree was entered in accordance with such findings and on appeal therefrom the full commission affirmed the decree of the single commissioner. The petitioner seasonably appealed to this court and the cause has been duly certified to us in accordance with §28-35-31.

The only evidence adduced was the uncontradicted testimony of petitioner. It established that on April 20, 1965 he was and for several years prior thereto had been working for respondent as a sand bobber. The conditions of his employment, in pertinent part, involved an eight-hour day commencing at 7 o'clock in the morning and ending at 3:30 in the afternoon, interrupted by a half hour for lunch from noon to 12:30. He punched a time clock at the beginning and close of each work period and he was not paid for the half hour allotted for lunch. During the luncheon break

petitioner was at liberty to leave the building in which he worked, but if he wished to leave respondent's premises it was necessary to obtain a gate pass from the foreman.

On April 20, 1965, petitioner punched out at noon as usual, ate his lunch at the inspector's table and went out in the yard with several fellow employees to play catch with a rubber ball. They had done this on several occasions for the past couple of weeks. The petitioner's foreman was aware of it, having commented on the energy expended, and in their decision the full commission noted that the activity in question was tolerated by respondent.

The game was played in what is described as an' alleyway between the main building and four sheds. The area in question has an asphalt surface and is some fifty feet in width. Abutting one of the sheds there is an open drainage ditch to carry off rain water which he estimated to be five inches in depth and a foot in width. While chasing the ball which had been thrown in his direction, petitioner stepped into the ditch and sustained a broken ankle diagnosed specifically as "Fracture with displacement of astragulus bone of left ankle."

At the time of the hearing, June 21, 1965, petitioner was still using crutches and totally incapacitated for work.

In his reasons of appeal petitioner asserts four assignments of error, relating them to the three findings of fact made by the single commissioner and affirmed by the decree of the full commission. The first two such reasons, however, are encompassed by the third and fourth reasons and they alone require consideration. They are:

> "3. That said Final Decree is against the law and the evidence in that the Trial Commissioner's finding of fact numbered 3, affirmed by the Full Commission, which recites that there was a failure of proof by a fair preponderance of the testimony that the injury sustained by the Petitioner was due to a risk, hazard or condition of the employment or to the conditions under

which such employment was to be performed, is contrary to the evidence adduced at the hearing.

"4. That said Final Decree is against the law and the evidence in that the Full Commission summarily dismissed and failed to take into account the uncontradicted facts that the Petitioner was not allowed to leave the premises during the lunch hour without a special pass and did not give sufficient weight to the fact that the ball-playing activities on company premises during the lunch hour was known to management and tolerated."

It is well settled that the workmen's compensation act has social implications, *Rosa* v. *George A. Fuller Co.*, 74 R. I. 215; that it is remedial in nature, *Beaudry* v. *United States Rubber Co.*, 88 R. I. 162; and that it is to be liberally construed, *Carpenter* v. *Globe Indemnity Co.*, 65 R. I. 194.

The petitioner, stressing these principles, quotes from 6 Schneider, Workmen's Compensation Law, chap. 25, §1594, p. 519, and 1 Larson, Workmen's Compensation Law, §22, p. 349, as they relate to compensability for injuries sustained during lunch break periods, so called. He cites *Di-Libero* v. *Middlesex Construction Co.*, 63 R. I. 509, which he acknowledges to be factually distinguishable from the case at bar, but nevertheless argues that the rationale is applicable to the issue of compensability in the instant cause.

In the *DiLibero* case, a workman sustained an injury which this court held to be compensable even though it occurred on a public way, some distance from the point of his employment, after work had ended for the day and the employee was on his way home. Additionally, it should be noted, the highway was that on which the employee was working and the point thereon at which he fell into a trench or hole was found to be within the control of his employer. In sustaining *DiLibero's* contention that his injury under such circumstances was compensable, this court at page 517, quoting with approval from *Ryerson* v. *A. E. Bounty Co.*,

107 Conn. 370, adopted the principle that the injury may be said also to arise out of the employment because it was the result of a risk involved in the employment or incident to it or to the conditions under which it is required to be performed.

We had occasion to refer to the *DiLibero* case in *Tromba* v. *Harwood Manufacturing Co.*, 94 R. I. 3, and reasserted the rule for which petitioner contends. At page 9 thereof we stated that "the incapacity of an employee, to be compensable, must result from an injury sustained in the performance of duties arising out of the nature of the employment or the conditions under which it is required to be performed or by reason of doing something that is an incident of the contract of employment." However, we also pointed out in that case that the right to compensation depends upon the establishment of a nexus between the employment and the injury.

Conceding his burden to establish such a link, counsel argues that in the instant cause the uncontradicted testimony of petitioner that he was *required* to remain on respondent's premises during the lunch period supplies the necessary causal connection between the injury and the conditions under which his employment was to be performed. This testimony, he asserts, was overlooked by the commission or, if considered, the import thereof was misconceived.

An analysis of the testimony in question, however, discloses that it is not open to the exclusive inference claimed by petitioner. The only testimony on this point is as follows: "Q. After you have your lunch do you need permission to leave the premises? A. You don't go out the gate unless you get a pass from the foreman. Q. You cannot go out the gate. A. No. Q. Can not. A. Can not. Q. Go out of the gate. What did you say, unless you have a pass from the foreman? A. Yes."

Clearly the foregoing is not expressly responsive as to a

requirement of permission. If it be conceded that it is open to an inference that permission was required, it does not necessarily follow that permission could not be readily obtained. Indeed, in passing on the quoted testimony the single commissioner expressly stated that he was not impressed with petitioner's testimony that he was not allowed to leave without a special pass. It is apparent therefrom that the single commissioner drew the inference that petitioner was free to leave by the simple expedient of obtaining a pass from his foreman.

Such an inference being reasonable and having been adopted by the full commission, it becomes a finding of fact that is binding on us. *Cruso* v. *Yellow Cab Co.*, 82 R. I. 158; *Lima* v. *William H. Haskell Mfg. Co.*, 100 R. I. 312, 215 A.2d 229.

In thus commenting on the testimony we are not evaluating its weight, a function from which we are precluded. *McCoy* v. *Cataldo*, 90 R. I. 365; *Barnes* v. *Kaiser Aluminum & Chemical Corp.*, 96 R. I. 469, 194 A.2d 675. Where as here the probative evidence alleged to have been overlooked or misconceived consists of uncontradicted testimony, our evaluation thereof is concerned solely with its competency, the determination of which is a question of law. *Sullivan* v. *State of Rhode Island*, 89 R. I. 119; *Gemma* v. *Zoning Board of Review*, 93 R. I. 440.

Thus the uncontradicted testimony on which the petitioner relies was neither overlooked nor misconceived. The commission found that the petitioner had not established that his remaining on the premises during the lunch hour redounded to the benefit of the employer, there being no evidence thereof. The establishment of that link between the petitioner's injury and the conditions of his employment was a necessary element. Not having been established, the decree dismissing the petition is not erroneous.

The petitioner's appeal is denied and dismissed, the decree

appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

### On Motion for Reargument.

MAY 17, 1966.

Per Curiam. After our opinion in the above cause was filed, the petitioner by permission of the court presented a motion for leave to reargue setting forth therein certain reasons on which he bases his contention that justice requires a reargument.

We have carefully considered those reasons and are of the opinion that they suggest nothing which in the circumstances warrants a reargument.

Motion denied.

*Matthew E. Ward, Dominic F. Cresto,* for petitioner.

*Worrell and Hodge, Lee A. Worrell,* for respondent.