275 A.2d 634.

BEULAH MONTANARO *vs.* GUILD METAL PRODUCTS, INC.

APRIL 6, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. The Workmen's Compensation Commission denied and dismissed an employee's original petition for compensation benefits on the ground that she failed to prove by a fair preponderance of the reasonable evidence that the injuries sustained, when she slipped on the ice and fell while she was entering her employer's premises, arose out of and in the course of her employment. The case is here on the employee's appeal.

The evidence is undisputed. The petitioner was a long-time employee of respondent. Although her workday did

not commence until 8 a. m., she had during the three years preceding her fall customarily arrived at her place of employment at about 7 o'clock in the morning. She arrived early because she was driven to work by her husband whose workday with a different employer began at an earlier hour than hers, and she preferred riding with him to walking or using public transportation facilities. When she arrived at her employer's premises she followed a routine. First she put her handbag, thermos bottle and other personal articles near her work station; then for a period of 15-20 minutes she gathered materials which would be used in her day's work; and whatever time remained until the 7:55 a.m. checking-in time she spent in her immediate supervisor's office drinking coffee and talking with other early arriving employees. Both her habit of arriving early and what she customarily did after arrival and before the commencement of the workday were known and consented to by her employer.

On February 11, 1969, arriving early as usual, she slipped and fell on an icy step as she entered her employer's premises and sustained a disabling injury. Whether that injury was compensable turns on what legal effect is given to uncontradicted and unimpeached facts. Initially that was a legal question for the commission and its resolution thereof, unlike its determination of factual controversies, is subject to review on appeal. *Boullier* v. *Samsan Co.*, 100 R. I. 676, 679, 219 A.2d 133, 135; *Sullivan* v. *State*, 89 R. I. 119, 122-23, 151 A.2d 360, 362; *Corry* v. *Commissioned Officers' Mess (Open)*, 78 R. I. 264, 267, 81 A.2d 689, 691.

The facts are those of a typical "going-and-coming case." In that kind of case an employee's right to relief does not always hinge on whether he was injured on the premises or during his regular working hours, but on whether the peculiar facts and circumstances of the particular case es-

tablish a causal connection or a link between the injury and the employment. *Peters* v. *Bristol Mfg. Corp.*, 94 R. I. 255, 179 A.2d 853; *Tromba* v. *Harwood Mfg. Co.*, 94 R. I. 3, 177 A.2d 186. And the existence of the causal relationship depends upon

> " * * * whether the injury occurred within the period, of employment at a place where the employee might reasonably have been and while he was either reasonably fulfilling the duties of his employment or doing something incidental thereto or to the conditions under which those duties were to be performed." *Lima* v. *Haskell Mfg. Co.*, 100 R. I. 312 at 314, 215 A.2d 229 at 230.

That the injury in this case took place on the employer's premises and where she might reasonably have been expected to be is not disputed. There is agreement also that under our rule a period of employment is not necessarily limited to the precise moment when the employee is scheduled to begin and stop work, but that depending upon the circumstances it may also include a reasonable amount of time before the beginning and after the end of the day's work. See *Fontaine* v. *Tupper Co.*, 94 R. I. 111, 178 A.2d 452. *Di Libero* v. *Middlesex Constr. Co.*, 63 R. I. 509, 516, 9 A.2d 848, 851.

The only dispute here is whether this injury occurred within the period of employment, that is, within a reasonable interval before the commencement of the employee's working hours and while she was engaged in doing something incidental to her employment or to the conditions under which her duties were to be performed. The duration of that interval and what the employee did are, of course, interrelated, and necessarily the period of employment will expand if the employer derived a direct and substantial benefit from the employee's activities during the interval.

In resolving that dispute we look, as we are required to

do under our practice, at the peculiar facts and circumstances of this case, and we find some of substantial significance. One is the obvious fact that for almost three years the employee, with her employer's knowledge and consent, customarily arrived at work approximately one hour before the start of the working day. While that fact might not of itself establish the prerequisite nexus between the injury and the employment, it becomes sufficient when considered in conjunction with the further circumstances that subsequent to her arrival she habitually deposited her lunch and personal effects at the bench where she worked and made other necessary preparations for the day's work. Her employer acquiesced in and certainly was benefited by that practice, and in addition on occasion requested her to commence actual work before the scheduled 8 a.m. starting time.

The factual situation in this case resembles that in *Lima* v. *Haskell Mfg. Co., supra*. There an employee with his employer's knowledge and consent habitually arrived at the plant 15 to 30 minutes before starting time. The injury for which he sought compensation occurred 20 minutes before the start of his workday as he was walking toward the bench where he and other employees customarily deposited their lunches. We held the injury noncompensable solely because it occurred at a place where at the particular time the worker had no right to be, but we nonetheless recognized that the incident, although it occurred 20 minutes prior to starting time, was within the period of the worker's employment and that at the time it occurred he was doing something beneficial to the employer-employee relationship.

Even though the time intervals as well as what the employees customarily did during those intervals differs in the two cases, the basic and influencing considerations are the same in both: an employee's long-established practice of

early arrival at his employer's premises; the employee's engagement during at least a substantial part of the questioned period in doing something of substantial and direct benefit to the employer rather than in recreational or other personal pursuits totally unrelated to the employment and of benefit only to himself; and the acquiescence by the employer. The combination of those ingredients in *Lima,* looked at in the perspective of its particular facts and circumstances, resulted in our recognizing that the injury occurred within a reasonable interval before the commencement of his working hours and that the worker was then engaged in doing something incidental to the fulfillment of the duties of his employment. Having in mind the peculiar facts and circumstances of this case, we see no reason for a different result.

The petitioner's appeal is sustained; the decree appealed from is reversed, and the case is remitted to the Workmen's Compensation Commission for further proceedings on the issues raised by the employee's petition.

*DiMascolo & DiPetrillo, Anthony DiPetrillo, Leonard A. Kamaras,* for petitioner.

*Anderson & Kane, Charles H. Anderson,* for respondent.