290 A.2d 59.

RALPH SAN ANTONIO *vs.* AL IZZI'S MOTOR SALES, INC.

APRIL 26. 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This is an employer's appeal from a decree of the Workmen's Compensation Commission affirming the trial commissioner's award of compensation benefits to the employee for total and partial incapacity.

Ralph San Antonio is a multi-talented artisan. He can work as a carpenter, a mason, a glazier or a painter. He entered the employ of Al Izzi's Motor Sales, Inc. in January, 1969. The automobile agency is located in West Warwick. Ralph testified that he was hired as a carpenter, cabinetmaker and house builder. Albert N. Izzi, Jr., the agency's president-treasurer and manager, told the trial commissioner that Ralph had been hired to perform general maintenance chores around the business premises. Albert and his brother, William, are the agency's sole stockholders. They, and other members of the Izzi family, are officers and stockholders in several business corporations located in the West Warwick-Coventry area.

The record shows that subsequent to January, 1969, Ralph's talents were used to great advantage by the Izzi family. He exhibited his skills while working at a supermarket, a cleansing plant and various dwellings all owned or leased to others by the Izzi clan. His efforts, wherever they were performed, were compensated by a weekly $200 paycheck issued by the automobile agency.

On September 4, 1969, Ralph was ordered[1] to go to Coventry and there repair a sagging floor in a home owned either by the Izzi brothers or the St. Anthony Realty Company. All of the St. Anthony's stockholders are within the Izzi family circle. The work done by Ralph was arduous. After carrying cement by wheelbarrow from a cement truck to the construction site for about three hours, Ralph began to experience severe pains in his chest. He was taken to Kent County Hospital where he remained for about three weeks. Medical testimony produced before the trial commissioner showed that Ralph had suffered a myocardial infarction which was attributable to his efforts to restore the sagging floor. He was totally incapacitated for some time. Subsequently, he began working at a job that was somewhat less strenuous than when he was on the auto dealer's payroll.

The employer claims that Ralph's incapacity is not compensable because it does not arise out of and in the course of his employment. In making this argument, it points out that Ralph's attack occurred while he was working miles away from the West Warwick headquarters of the automobile agency in a residence whose owner's corporate purposes are totally unrelated to those of Izzi's Motor Sales.

The insurer's emphasis that Ralph's misfortune having occurred while he was working some distance from West Warwick needs little discussion. Compensation benefits are not to be denied an employee simply because his injury occurs off the employer's premises. *Tromba* v. *Harwood Mfg. Co.*, 94 R. I. 3, 177 A.2d 186 (1962). Rather, compensation is payable once a nexus is established between the injury and the employment. The nexus may be found if the injury occurred within the period of employment at a place where the employee might reasonably have been

---

[1]Ralph testified that William Izzi told him to go to Coventry. Albert said either he or his brother ordered Ralph to fix the floor.

while he was either fulfilling the duties of his employment or doing something incidental thereto or to conditions under which these duties were to be performed. *Montanaro v. Guild Metal Products, Inc.*, 108 R. I. 362, 275 A.2d 634 (1971).

Ralph's claim brings to mind the case of *Sullivan v. State*, 89 R. I.. 119, 151 A.2d 360 (1959). Sullivan was (and still is) employed as an elevator operator in the courthouse. He was injured while returning to the courthouse with refreshments for his fellow employees' mid-morning coffee break. The building superintendent had established a schedule where on different days the designated man would leave the courthouse, go to a nearby restaurant, and come back with the coffee and doughnuts. This court said that Sullivan's travel to the restaurant was one of the duties of his job. Sullivan was awarded compensation. What was said about the elevator operator, can be said about Ralph. One of the conditions of his employment with the automobile agency was that Ralph's manual skills would be available for use by any and all of the Izzi family enterprises.

The record shows that the automobile dealership was Ralph's sole employer. He did his work where and when he was told. It mattered little to Ralph where he acted as a Mr. Fix-it. For all his work, he received but one check.

Parenthetically, it should be pointed out that Ralph was in no position to dispute the order to go to Coventry. There is little reason to believe that he would either point out to his superior the "ultra vires" aspects of the order or discuss with the boss the potential forfeiture of benefits due him under the compensation act if he was injured while working in Coventry. Had he not obeyed the directive, Ralph's

claim would have been for unemployment rather than for workmen's compensation benefits.[2]

The findings made in this case involved the fact-finding powers of the commission. Such findings are, in the absence of fraud, conclusive on this court. *Dart Ind., Inc.—Tupperware Co.* v. *Andrade,* 108 R. I. 474, 276 A.2d 460 (1971).

The employer's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the Workmen's Compensation Commission for further proceedings.

*Carmine R. DiPetrillo,* for appellee.

*John G. Carroll, Robert K. Pirraglia,* for appellant.

---

[2]Sentiments similar to those expressed here can be found in *Harry Fleming Washer Service* v. *Industrial Comm'n,* 36 Ill.2d 272, 222 N.E.2d 490 (1966); *Sharp* v. *Jenkins,* 211 Tenn. 691, 367 S.W.2d 464 (1963); *Continental Casualty Co.* v. *Industrial Comm'n,* 28 Wis.2d 89, 135 N.W.2d 803 (1965); 1 Larson, *Workmen's Compensation Law* §27.40 (1968).