**ELECTRO–VOICE, INC., Appellant,**

v.

**Gladys Carolyn O'DELL, Appellee.**

Supreme Court of Tennessee.

Jan. 6, 1975.

James C. McSween, Jr., Newport, for appellant.

Ben W. Hooper, II, Campbell & Hooper, Newport, for appellee.

## OPINION

COOPER, Justice.

This is an appeal by an employer from an adverse judgment entered in the Circuit Court of Cocke County, Tennessee, in a workmen's compensation proceeding.

The appellee, Gladys Carolyn O'Dell, was employed by appellant, Electro-Voice, Inc., as an assembly line worker. Specifically, appellee glued a board into or onto the chassis of radios being assembled. On November 23, 1970, while performing the task assigned her by her employer, appellee felt something moving in her hair. On reaching to her head to determine what it was, appellee was stung on the middle finger of her right hand by a honey bee. Appellee had a violent allergic reaction to the bee sting, evidenced by "swelling all over her body." She did not respond to treatment as expected and was hospitalized for a week for treatment with the drugs, dramamine and cortisone. The swelling subsided. Appellee, however, continued to complain of stiffness, swelling and numbness, especially in the legs.

Appellant paid appellee temporary total disability benefits through March 2, 1971, and paid all medical expenses incurred to that time.

On October 26, 1970, appellee filed a petition under the Workmen's Compensation Act seeking an adjudication that she was totally and permanently disabled as the result of the bee sting.

On trial, on May 7, 1973, the circuit judge found that appellee suffered an accidental injury "which arose out of and in the course of her employment" and was entitled "to recover on the basis of a total disability to the date of the hearing." The trial judge found "no evidence in the record from any doctor which would justify [a recovery of future or permanent disability]." Based on these findings, the trial judge entered a judgment (1) awarding Mrs. O'Dell temporary total disability benefits from March 2, 1971, to May 7, 1973, (2) ordering appellant to pay all medical expenses incurred by Mrs. O'Dell through May 7, 1973, and (3) retaining the case on the docket to allow either party to apply for relief "in the event any additional proof might be offered with reference to the permanence of the disability sustained by the [appellee]."

Appellant insists there was no material evidence to support the trial judge's finding that the accident and injury arose out of and in the course of plaintiff's employment or the finding that plaintiff was disabled after March 2, 1971.

■ As was pointed out in Travelers Insurance Company v. Googe, 217 Tenn. 272, 397 S.W.2d 368, 371 (1965), "in order for an employee to recover under the Workmen's Compensation Act, he must prove he is an employee; that he sustained an accidental injury which has been defined as being an unusual fortuitous, or unexpected happening, causing an injury which was accidental in character; and that such accident and injury grew out of and in the course of his employment. Smith v. Tenn. Furn. Ind. Inc., 212 Tenn. 291, 369 S.W.2d 721 (1963).

■ An injury by accident to an employee is "in the course of employment" if it happened while he was doing a duty he was employed to do. It is an injury "arising out of" employment if caused by a hazard incident to such employment. Shubert v. Steelman, 214 Tenn. 102, 337 S.W.2d 940 (1964).

■ There is no question but that appellee suffered a bee sting while performing a work task assigned to her. The issue is: Was the bee sting a hazard incident to her employment?

In Carmichael v. J. C. Mahan Motor Co., 157 Tenn. 613, 11 S.W.2d 672 (1938), an employee working at his assigned task was struck by a pellet accidentally fired from an air rifle by children who, by previous conduct, had shown themselves to be a

hazard to employees in that they had shot and thrown missiles at employees. This court found that the injury arose out of the employment, saying:

"It is said that an jury arises out of the employment when it is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury."

See also Oman Construction Co. v. Hodge, 205 Tenn. 627, 329 S.W.2d 842 (1959), wherein this court, in holding the death of a workman to be compensable under the Workmen's Compensation Act, stated:

"In the present case lightning did strike the deceased and killed him under conditions which were created by his employer and described by expert testimony as being more hazardous with regard to being struck by lightning than the position of others in the community, not so located."

In this case Joe Myers, an apiarist with twenty years experience, testified that bees often entered walls of buildings in the warm summer months and came out later in the year. There is also evidence in the record that the building occupied by appellant had been treated in 1968 or 1969 to kill bees that were in the walls of the building. The appellee testified she and other employees had seen bees in appellant's plant on numerous occasions before appellee was stung. And, finally, there is evidence that during April, 1971, following appellee's experience with the bees, appellant again employed exterminators to kill bees in the walls of the plant.

On considering these circumstances, we are forced to the conclusion that the bees in the plant were part of the environment of working on the assembly line and, consequently, were a risk or hazard of appellee's employment. Cf. Traveler's Insurance Co. v. Williams (Tex.Civ.App.), 378 S.W.2d 110 (1964); Webster v. Mason, 13 A.D.2d 355, 217 N.Y.S.2d 290 (1961). We

therefore concur in the trial judge's finding that appellee sustained an accidental injury which arose out of and in the course of her employment by appellant.

■ Having sustained an accidental injury in the course and scope of her employment, appellee is entitled to benefits commensurate with the disability resulting from the accidental injury as provided in the Workmen's Compensation Act. As heretofore noted, the trial judge found no material evidence that appellee sustained any permanent injury from the bee sting. This finding is not contested by either party on appeal. The trial judge also awarded the appellee temporary total disability benefits to the date of trial, which was May 7, 1973, and it is this award that is contested.

In Gluck Bros. Inc. v. Coffey, 222 Tenn. 6, 431 S.W.2d 756, this court held that temporary total disability benefits terminate when the workman reaches his maximum recovery, at which point either permanent total or permanent partial disability benefits commences. In doing so, we pointed out that:

"In Insurance Co. of North America, Inc. v. Lane, 215 Tenn. 376, 386 S.W.2d 513, and Redmond v. McMinn County, 209 Tenn. 463, 354 S.W.2d 435, this Court said that the temporary total disability period refers to that period of time the employee's injury prevents him from working, and during which he is recuperating as far as the nature of his injury permits. In other words, *the temporary total disability period is the healing period during which the employee is totally prevented from working.*" (emphasis supplied).

In this case, the medical opinion most favorable to appellee and to the trial judge's award of temporary total disability benefits was that of Dr. Drew A. Mims. Dr. Mims testified that the last time he saw Mrs. O'Dell (July 3, 1972) before giving his deposition in this case, he found no evidence that Mrs. O'Dell had any permanent disability as the result of the bee

sting. Further, he expressed the opinion that as of that date Mrs. O'Dell "might be able to work, but didn't know whether she ha[d] tried working since then or not." However, it is undisputed in the record that, in fact, Mrs. O'Dell began working in her husband's filing station approximately one year before the trial of this case (which would be near the time of Dr. Mims examination) and had worked four to five hours a day, six days a week, up to the time of trial.

When considered in the light of the rule announced in the *Gluck* Case, supra, this evidence in our opinion supports an award of temporary total disability benefits but only to July 3, 1972, the date of Dr. Mims' examination and the approximate time Mrs. O'Dell began working. Accordingly, the judgment in this case will be modified so as to award Mrs. O'Dell temporary total disability benefits from March 2, 1971, to July 3, 1972. The costs of the appeal are taxed against appellant, Electro-Voice, Inc.

FONES, C. J., and BROCK, HENRY, and HARBISON, JJ., concur.