381 A.2d 1051.

RONALD ROY *vs.* PROVIDENCE METALIZING COMPANY.

JANUARY 24, 1978.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

Doris, J. This is an employer's appeal from a final decree of the Workmen's Compensation Commission enforcing a compensation agreement between the parties. The employer unilaterally terminated payments under the agreement upon learning that the employee had received a substantial settlement in a malpractice suit against a physician and hospital involved in the treatment of his injury.

The petitioner, Ronald Roy, sustained a back injury on January 18, 1971, during the course of employment with respondent, Providence Metalizing Company. On March 24, 1971, the parties entered into an agreement to pay petitioner compensation benefits for total incapacity due to "back strain." The petitioner left work at that time and did not return. Subsequently, in April 1971, surgical procedures were performed upon petitioner's back. Thereafter, petitioner brought an action for malpractice against the neurosurgeon who operated on him and the hospital in which the surgery took place. The suit was settled before trial for $150,000. The respondent-employer suspended payments under the agreement at that time. The respondent did not seek a decree from the Workmen's Compensation Commission (the commission) allowing this suspension of benefits, nor did the parties execute a compensation suspension agreement and receipt.

The employee then filed a petition with the commission to enforce the terms of the agreement. The trial commissioner found respondent in contempt for failure to pay the compensation benefits and entered a decree ordering payments in accordance with the agreement. The findings of fact[1] and orders in that decree were subsequently affirmed in

---

[1] The findings of fact made by the trial commissioner were as follows:

"1. The petitioner and the respondent entered into a preliminary agreement dated March 24, 1971 ordering the payment of compensation benefits for total incapacity for an injury — namely: "Back strain."

"2. No Workmen's Compensation Suspension Agreement or Receipt has been executed by the employee and filed with the Department of Labor and approved by the Director of Labor to date.

a final decree of the full commission. The respondent-employer sought and we granted a stay of the final decree of the commission pending the outcome of this appeal.

The respondent raises two issues on appeal. First, it contends that the commission erred in finding that G.L. 1956 (1968 Reenactment) §28-35-58 of the Workmen's Compensation Act (the Act) concerning third-party liability and employer indemnity does not apply to recoveries for malpractice. Secondly, respondent argues that an employer may, by operation of law, unilaterally terminate payments to an employee who has recovered damages from a third party for malpractice in the treatment of his injury.

Underlying both of the issues in this case is the problem of causal relation between the original compensable injury and the condition for which the allegedly negligent surgery was performed. The petitioner-employee argues that the compensation benefits were being paid for "back strain," but that the surgery performed was a disc operation. Therefore, petitioner contends that respondent could have no interest in the malpratice settlement as the treatment was for an injury other than back strain. He further asserts that the compensation payments should not have been terminated since he still suffers from the work-related disability. However, the testimony of petitioner himself reveals that he was under the care of the same doctor from the time of the back strain through the surgery and allowed respondent's insurance carrier to pay both the doctor's bill and the hospital bill. This the compensation carrier did in accordance with §§28-33-5 and 28-33-8, apparently presuming that all of petitioner's medical treatment arose out of the work-connected back strain. Clearly, previous to the malpractice suit, both petitioner and respondent believed

---

"3. No Decree or Order has been entered by the Workmen's Compensation Commission ordering the suspension of compensation benefits.

"4. The respondent is in contempt for failure to pay compensation benefits in accordance with the terms of the preliminary agreement entered into between the parties dated March 24, 1971."

that the surgical procedures would be paid for out of the benefits accruing as a result of the original disability.

We have had recently before this court a case in which a disc operation has been paid for under an agreement to compensate the employee for reasonable medical and hospital bills for "low back strain." *See McAree v. Gerber Products Co.*, 115 R.I. 243, 245-46, 342 A.2d 608, 610 (1975). In *McAree* we not only found a disc operation to be causally related to back strain incurred in the course of employment, but also allowed compensation for drug addiction resulting from long treatment of the injury. Clearly, the Act is remedial in nature and has been interpreted broadly by this court. *Perron v. ITT Wire & Cable Div.*, 103 R.I. 336, 343, 237 A.2d 555, 559 (1968). Therefore, it would be inconsistent with both the facts of this case and legislative policy to find that petitioner's surgery was not causally connected to his work-related back strain. To find otherwise would be to handicap employees seeking just compensation for their disabilities.

However, what is not clear is that respondent should be entitled to be indemnified from the malpractice settlement simply because the surgery was treatment for the original injury. The respondent asserts that those responsible for malpractice are no different from other third-party tortfeasors, and that according to §28-35-58, the employee must reimburse the compensation carrier out of any funds recovered from the malpractitioners. The respondent supports this proposition by citing cases from several jurisdictions which indicate that aggravation of an injury by malpractice is compensable so long as the chain of causation is not broken. In fact, there is only a small minority of jurisdictions which do not afford compensation for aggravation through malpractice. See 2A Larson, *Workmen's Compensation Law* §72.60 (1976). However, what is not universally accepted by the jurisdictions that have addressed the problem is that the employer is entitled to full indemnification

from the proceeds of a malpractice judgment or settlement. Apparently, at least two jurisdictions would allow the employee to receive compensation for the aggravation by malpractice and to keep the full recovery resulting from a malpractice suit. *See Froid* v. *Knowles,* 95 Colo. 223, 36 P.2d 156 (1934); Wis. Stat. Ann. §102.29(3) (1973).

The problem in interpreting third-party liability provisions to encompass malpractice situations is that generally the third parties contemplated are liable for the entire injury, whereas the malpractitioner is usually responsible for only a part of the disability. 2A Larson, *supra*, at §72.65. As petitioner argues in this case, to allow the employer to be reimbursed from the malpractice recovery for his entire outlay is unjust when the employer's negligence was a cause of the original injury. In effect, the employer would be recovering compensation paid for his own wrong out of the employee's money. *Id.*

A more logical approach would be to allow the employer to be subrogated to the employee's rights in a malpractice suit to the extent that the compensation paid or payable is attributable to the malpractice itself. The courts of many other jurisdictions, when confronted with the malpracrtice problem and general third-party liability provisions similar to our own, have reasonably and sensibly adopted this resolution. *See Liberty Mut. Ins. Co.* v. *Western Cas. & Sur. Co.,* 111 Ariz. 259, 527 P.2d 1091 (1974); *Heaton* v. *Kerlan,* 27 Cal.2d 716, 166 P.2d 857 (1946); *Industrial Comm'n* v. *Standard Ins. Co.,* 149 Colo. 587, 370 P.2d 156 (1962); *Schumacher* v. *Leslie,* 360 Mo. 1238, 232 S.W.2d 913 (1950); *Brum* v. *Int'l Terminal Operating Co.,* 125 N.J. Super. 558, 312 A.2d 507 (1973); *In re Parchefsky* v. *Kroll Bros.,* 267 N.Y. 410, 196 N.E. 308, 275 N.Y.S. 322 (1935).

Clearly, the intent of our statute in §28-35-58 is to prevent double recovery by the employee. If we are to find that actions for malpractice should be included within the parameters of this section, we must be consistent in inter-

pretation. Therefore, it would seem that the employee should not be allowed to recover both compensation and damages for the aggravation of the injury through malpractice. However, compensation which was paid previous to the aggravation or for the primary ailment should not be reimbursed to the employer out of the malpractice recovery. Thus, it would be appropriate for the Workmen's Compensation Commission to make a determination as to what amount of the compensation which the employer paid was attributable to aggragvation of the injury through malpractice, and whether the employee is entitled to continued compensation based on his original injury. This could not be accomplished here, however, because respondent unilaterally terminated all payments without petitioning the commission or executing a suspension agreement with the employee for an equitable allocation of funds.

The second issue in the instant case, whether respondent may terminate payments by operation of law under §28-35-58 due to petitioner's malpractice settlement, is somewhat mooted by our disposition of the first issue. If the employer may reimburse himself only for an as yet undetermined amount out of the malpractice settlement, to allow him to suspend all payments to the employee would be unjust. However, there are also independent grounds upon which we may base a resolution of this issue.

The respondent argues that it would be a great burden for an employer to be compelled to petition the commission for authorization to cease payments in each case where the employee recovers from a third party. This burden would result from the failure to obtain indemnity for compensation paid due to the length of time necessary to obtain a final decree from the commission. However, it is clear that an employer has a civil action for unjust enrichment against the employee for any amount which the employer pays in excess of what is due. *Merchants Mut. Ins. Co.* v. *Newport Hospital*, 108 R.I. 86, 272 A.2d 329 (1971). The Workmen's

Compensation Law is social legislation, to be interpreted liberally with regard to the rights of employees. *Perron* v. *ITT Wire & Cable Div., supra.* Therefore, the onus is properly placed upon the employer when there is a possibility that the employee may suffer hardship due to the failure to provide compensation. The employee should not be forced to seek a determination of the extent of the obligation of the employer. *See Plouffe* v. *The Taft-Pierce Mfg. Co.,* 91 R.I. 221, 162 A.2d 557 (1960).

The respondent further contends that in many other cases payments may be terminated by operation of law despite the lack of specific authorization in the Act. However, the Act does provide authorization in many of the instances given. Section 28-33-24 permits cessation of payments upon death by a cause other than the compensable injury. The termination of benefits paid for the maximum number of weeks or for the maximum amount is authorized by the designation of the limits in the statute. Further, §§28-35-46 through 28-35-53 are designed to insure that the employer does not terminate or reduce compensation payments without specific procedural safeguards, including notice to the commission and employee, and continued compensation until adjudication if the employee chooses to dispute the employer's action. Since the Legislature has provided explicit language permitting termination of benefits under certain conditions, we cannot allow a suspension "by operation of law" where none is authorized.

Therefore, although we find that §28-35-58 of the Act is applicable to cases involving aggravation of a work-related injury through malpractice, we must affirm the decree of the commission finding the respondent in contempt for failure to continue payments according to the compensation agreement.

The stay granted the respondent by this court on April 28, 1977, is hereby dissolved. The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and

the cause is remanded to the Workmen's Compensation Commission.

Mr. Justice Paolino participated in the decision but retired prior to its announcement.

*Lovett & Linder, Ltd, Raul L. Lovett,* for petitioner.

*Eldridge H. Henning, Jr.,* for respondent.