Kenneth DAWSON

v.

A & H MFG. COMPANY.

No. 81-1-Appeal.

Supreme Court of Rhode Island.

Aug. 5, 1983.

Raul L. Lovett, Providence, for petitioner; Lauren E. Jones, Providence, on brief.

F. Anthony Fox, Hinckley & Allen, Providence, for respondent.

## OPINION

WEISBERGER, Justice.

This case comes before us on appeal from a final decree of the appellate commission denying compensation to the petitioner for incapacity arising out of a bee sting. We affirm. The facts of the case as found by the trial commissioner are as follows.

Kenneth Dawson (employee) was employed by A & H Mfg. Co. (employer) as a stock boy for a period of approximately four months. Sometime in October of 1977 he left his workplace on the fourth floor and went downstairs to obtain a cup of coffee. In the course of returning to the fourth floor to eat his lunch, he was stung by a bee in the hallway. The employee notified his foreman of this fact and continued to work. On the following day he went to the hospital at 8:30 a.m. and called his foreman. He was asked to come in for a half day and did. Apparently the employee was discharged the next day. The exact date of the bee sting was not established. The trial commissioner denied compensation on the ground that the employee failed to prove that he had sustained a personal injury in October 1977 "which arose out of and in the course of his employment * * * connected therewith and referable thereto."[1] The appellate commission sustained the trial commissioner's finding of fact and conclusion of law that the bee sting did not arise out of and in the course of the employee's employment. In its decision the appellate commission noted that

"no transcript of the petitioner's testimony as to the facts or circumstances surrounding the petitioner's bee sting in this case has been provided for us, the only transcript before us on appeal being the colloquy between counsel and the trial commissioner with respect to deciding this case on an issue of law. Therefore, we * * * are unable to determine whether or not the circumstances surrounding this petitioner's bee sting were such so as to bring it within the course of his employment."

The appellate commission took the position that "the mere fact that the petitioner was stung by a bee during working hours while at work does not make the case compensable" and noted, as had the trial commissioner, that the employer is not the insurer of the employee's health. *Zuchowski v. United States Rubber Co.*, 102 R.I. 165, 229 A.2d 61 (1967).

In *Zuchowski* we observed:

"The workmen's compensation act does not provide that every workman who is injured while in his place of employment shall be compensated for his injury. * * The mere coincidence that petitioner happened to fall in respondent's plant on the floor (ideopathic fall) in and of itself does not transfer a non-compensable injury into one which will confer benefits under the compensation act. To hold as petitioner contends would convert workmen's compensation into a form of health insurance. This we cannot accept, as it was never the intent of the [l]egislature to afford this type of protection to an injured workman." *Id.* at 174–75, 229 A.2d at 66.

■ We have recently stated in *DeNardo v. Fairmount Foundries Cranston, Inc.*, 121

---

1. The employee had filed a previous petition for compensation arising out of the same incident. This petition was discontinued for lack of prosecution in October 1978. Thereafter, the employee filed the instant petition. The employer argued before the trial commissioner and the appellate commission that the involuntary discontinuance of the first petition was the equivalent of a dismissal. Both the trial commissioner and the appellate commission declined to dismiss the instant petition on that ground. In light of our disposition of the issue of compensability of this injury, it will be unnecessary for us to address the employer's contentions on this issue. We shall assume without deciding, that the petition was properly before the commission.

R.I. 440, 399 A.2d 1229 (1979) that an employee's injury is compensable if the particular facts of a case establish a causal connection or nexus between the injury and employment. We further held that the question of whether an injury arose out of and in the course of employment is a mixed question of law and fact. Since a finding of fact by the commission is beyond the scope of our review if supported by competent legal evidence, see, e.g., Beauchesne v. David London & Co., 118 R.I. 651, 375 A.2d 920 (1977); Knowlton v. Porter Trucking Co., 117 R.I. 28, 362 A.2d 131 (1976), we shall substitute our judgment for that of the appellate commission only when the facts, as found by the commission and supported by competent legal evidence, permit reasonable men to draw only one conclusion. This standard is applicable even when relevant facts are not in dispute. DeNardo v. Fairmount Foundries Cranston, Inc., 121 R.I. at 444, 399 A.2d at 1232.

Professor Larson discusses the varying lines of authority regarding the compensability of employee injuries that are caused by neutral forces as follows:

"Of the two components of the almost-universal coverage formula—'arising out of and in the course of' employment—the 'arising out of' test is primarily concerned with causal connection. Most courts in the past have interpreted 'arising out of employment' to require a showing that the injury was caused by an increased risk to which claimant, as distinct from the general public, was subjected by his employment. A substantial number have now modified this to accept a showing merely that the risk, even if common to the public, was actually a risk of this employment. An important and growing group of jurisdictions has adopted the positional-risk test, under which an injury is compensable if it would not have happened but for the fact that the conditions or obligations of the employment put claimant in the position where he was injured." 1 Larson, Workmen's Compensation Law, § 6.0 at 3–1 (1982).

Under this rubric Professor Larson describes the peculiar-risk doctrine, § 6.20; the increased-risk doctrine, § 6.30; the actual-risk doctrine, § 6.40; and the positional-risk doctrine, § 6.50. He further comments in detail about varying neutral forces, including acts of God such as lightning, hurricanes, and tornadoes, as well as roving lunatics, flying arrows, stray bullets, and other forces that are not specifically connected with the employment but might occur while an employee is at his place of business. He discusses injury by animals and insects in § 10.12, n. 32. Except for New York, which has applied a positional-risk test, state courts base compensation for bee stings upon an actual-risk test in which evidence has been presented showing that the bee hazard was part of the environment of employment. See Electro-Voice, Inc. v. O'Dell, 519 S.W.2d 395 (Tenn.1975); Travelers Insurance Co. v. Williams, 378 S.W.2d 110 (Tex.Civ.App.1964). As yet only a minority of states has adopted the positional-risk test, which in essence makes all injuries, however neutral and unconnected with employment, compensable if they occurred at the place of employment. See 1 Larson, Workmen's Compensation Law §§ 10.11 through 10.33(d) at 3–65 to 3–134. Our holdings denying compensation in Nowicki v. Byrne, 73 R.I. 89, 54 A.2d 7 (1947), involving injury by a stray bullet and Zuchowski v. United States Rubber Co., supra, involving an ideopathic fall, clearly indicate that Rhode Island has not adopted a positional-risk test and probably should be placed in the actual-risk category. See Long v. Gorham Corp., 100 R.I. 711, 219 A.2d 214 (1966); Corry v. Commissioned Officers' Mess (Open), 78 R.I. 264, 81 A.2d 689 (1951).

In order to establish a predicate for application of the actual-risk theory, the employee would be required to sustain the burden of showing that this risk, even though common to the public, was in fact a risk of his employment. 1 Larson, Workmen's Compensation Law § 6.40 at 3–4, 3–5. The complete absence of evidence concerning the nexus between this employment and the bee sting justified the commission

in its finding that the employee had failed to meet his burden of proof on this issue. We cannot say, in accordance with our holding in *DeNardo,* that on these facts reasonable persons could draw only one conclusion.

For the reasons stated, the employee's appeal is denied and dismissed, the final decree of the appellate commission is affirmed, and the papers in the case may be remanded to the appellate commission.

BEVILACQUA, Chief Justice with whom KELLEHER, Justice, joins, dissenting.

The facts briefly summarized are not in dispute. The employee was employed as a stock boy. Before lunch time, he left his workplace to get a cup of coffee, which break was authorized. While later returning to eat his lunch, he was stung by a bee. The majority sustained the commission's holding that there was no evidence establishing a causal connection between the employment and the injury.

The sole question presented is whether the employer is in a better position to bear the loss in a case in which an employee is injured by a neutral force[2] while acting in the course of his employment.

We have held on prior occasions that when the facts are such as to permit reasonable men to draw only one conclusion, the question then becomes one of law and on review we may substitute our judgment. *DeNardo v. Fairmount Foundaries Cranston, Inc.,* 121 R.I. 440, 449, 399 A.2d 1229, 1234 (1979). In the instant case, I am of the opinion that the facts are susceptible of only one conclusion, and therefore the determination of whether the injury arose out of the employment presents a question of law.

This court has consistently repeated that the concept underlying the Workers' Compensation Act is to provide financial and medical benefits to workers who have been injured while on the job by making the employer carry the burden to provide payments. *Guilmette v. Humble Oil & Refining Co.,* 114 R.I. 508, 512, 336 A.2d 553, 555 (1975); *Nardolillo v. Big G Supermarket, Inc.,* 111 R.I. 751, 755, 306 A.2d 844, 847 (1973). Therefore, in order to carry out this concept a liberal construction is given to the act's provisions "with an eye to effectuating their evident humanitarian purpose." *DeNardo v. Fairmount Foundries Cranston, Inc.,* 121 R.I. at 452, 399 A.2d at 1236 (Kelleher, J., concurring); *Roy v. Providence Metalizing Co.* 119 R.I. 630, 636–37, 381 A.2d 1051, 1054 (1978).

Courts have struggled over the years to determine whether a particular injury "arose out of the employment." However, this court has long recognized that an injury is compensable if the facts of a case establish a causal connection or nexus between the injury and the employee's employment.[3] The required causal connection is not so strict as the proximate cause required in negligence actions. *Beauchesne v. David London & Co.,* 118 R.I. 651, 655, 375 A.2d 920, 922 (1977). A causal connection or nexus, can be established if the conditions and nature of the employment contribute to injury. *Id.* Thus, to find a nexus, the court must determine if the injury occurred during the period of employment at a place where the employee might reasonably have been and while he was reasonably fulfilling the duties of his employment or doing something incidental thereto or to the conditions under which those duties were to be performed. *Id.; Carvalho v. Decorative Fabrics Co.,* 117 R.I. 231, 236, 366 A.2d 157, 160 (1976).

**2.** "Neutral force" may be defined as a force not distinctly associated with the person or the employment, or one in which the cause itself is unknown. Examples include a person at work hit by a stray bullet, bitten by a dog, injured or killed by an "act of God," stung by a bee, or injured from an unexplained fall. 1 Larson,

*Workmen's Compensation Law,* § 7.30 at 3–12 (1982).

**3.** The Legislature in 1949 amended the Workers' Compensation Act and removed the requirement that a worker's injury had to be accidently sustained to be compensable.

I shall admit that the great difficulty in all compensation cases is to determine the causation necessary to provide liability.

In *Nowicki v. Byrne,* 73 R.I. 89, 93, 54 A.2d 7, 9 (1947), this court held that an injury sustained by an employee from a stray bullet was not compensable because the injury did not result from any risk arising out of the employee's employment or from any risk reasonably incident to the employment or to the conditions under which the employee worked. The *Nowicki* court concluded that there was no causal connection between the injury and the employment or the conditions of the work environment.[4] In *Zuchowski v. United States Rubber Co.,* 102 R.I. 165, 174, 229 A.2d 61, 66 (1967), this court affirmed the denial of compensation to an employee who had suffered an idiopathic fall in the course of his employment because the necessary element of special risk which would make his injuries compensable was absent.

However, a review of recent cases over the years discloses a complete departure from the views expressed in those cases and a willingness on the part of this court to allow compensation as long as the injury was work connected. Recently, upon examining the facts and circumstances in order to ascertain the nexus between the injury and the employment, this court has stated that compensation should not be denied solely because an employee's injury occurred away from the work area or off the premises or at a time other than the regular working hours. *DeNardo v. Fairmount Foundries Cranston, Inc.,* 121 R.I. at 453, 399 A.2d at 1236–37 (Kelleher, J., concurring); *e.g., Beauchesne v. David London & Co.,* 118 R.I. at 655, 375 A.2d at 922; *Carvalho v. Decorative Fabrics Co.,* 117 R.I. at 236, 366 A.2d at 160. Thus, employers have paid compensation to employees for injuries received (a) at a company Christmas party, *Beauchesne v. David London & Co.,* 118 R.I.

at 655–56, 375 A.2d at 922; (b) during a fellow employee's horseplay, *Carvalho v. Decorative Fabrics Co.,* 117 R.I. at 236, 366 A.2d at 160; (c) while repairing a house owned by the employer's family, *San Antonio v. Al Izzi's Motor Sales, Inc.,* 110 R.I. 54, 56, 290 A.2d 59, 60 (1972); (d) while coming to work, *Montanaro v. Guild Metal Products, Inc.,* 108 R.I. 362, 364–65, 275 A.2d 634, 635 (1971); and (e) while on a midmorning coffee break, *Boullier v. Samsan Co.,* 100 R.I. 676, 679–80, 219 A.2d 133, 135 (1966). In *DeNardo,* we reversed a denial of compensation in a situation which an employee, while on a break, sustained an injury when he hit a vending machine in order to free a wedged coin. We determined that the causal connection was established because the employee was injured while at work as he was attempting to purchase his cup of coffee so that he could return to work refreshed. We stated that "the employee's obtaining coffee was not in itself forbidden, even though the reflex action of the employee in striking the machine was ill-advised or improper. Therefore, an injury arising therefrom would still be compensable. The use of the improper method does not cause the act to cease to be one incidental to and arising out of the employment." *DeNardo v. Fairmount Foundries Cranston, Inc.,* 121 R.I. at 451, 399 A.2d at 1235.

The majority opinion in the case at bar arbitrarily draws a distinction between cases involving employees who are injured performing personal acts unrelated to employment, even if performed negligently, and cases involving employees who are injured by neutral forces while performing personal acts unrelated to employment. In the first instance the employee's injury is determined to have arisen out of the employment if the employee's act was a permitted incident of the employment and was within a permitted place. There is no con-

---

4. Because of my analysis of workers' compensation cases involving "neutral-forces," I am of the belief that the *Nowicki* case should be overruled. *See Industrial Indemnity Co. v. Industrial Accident Comm'n,* 95 Cal.App.2d 804, 813–14, 214 P.2d 41, 46 (1950); *In re Baran's Case,* 336 Mass. 342, 344, 145 N.E.2d 726, 727–28 (1957); *Gargiulo v. Gargiulo,* 13 N.J. 8, 13, 97 A.2d 593, 595–96 (1953).

nection between the employment and the injury other than the fact that the employee was acting in the course of his employment. In the latter instance, however, the employee's injury is not determined to have arisen out of the employment because, even though the act was a permitted incident of the employment and was within a permitted place, no "causal connection" is determined to have existed between the employment and the injury. The majority opinion thus unreasonably demands a more exacting causal connection in cases involving neutral forces; the employee must establish that his injury was a risk of his employment.

I am of the opinion that in order to fulfill the concept of the act in cases involving neutral forces, we must construe the phrase "arising out of" as requiring the employee to establish that the obligations of his employment placed him in the particular place at the particular time when he was injured by some neutral force. *See* 1 Larson, *Workmen's Compensation Law,* § 6.50 at

3–5 (1982). In the instant case the employee was acting in the course of his employment in going on his lunch break. The employee would not have been injured but for his employment. Therefore, in order to alleviate the consequences of personal injury caused by the employment and to effectuate a measure of economic security for the injured worker, we should award compensation to a worker who is injured by a neutral force while acting in the course of his employment.

Accordingly, I would sustain the appeal of the employee, reverse the decree of the commission, and remand the case to the commission for entry of a decree awarding compensation to the employee.