GLUCK BROTHERS, INC., Plaintiff in Error,

*v.*

CARSON COFFEY, Defendant in Error.

431 S.W.2d 756

(*Knoxville,* September Term, 1968)

Opinion filed September 3, 1968.

Joe A. Tilson and Earnest R. Taylor, Morristown, for plaintiff in error.

Joseph W. Rogers, Knoxville, for defendant in error.

Mr. Justice Humphreys delivered the opinion of the Court.

This is a Workmen's Compensation appeal by Gluck Brothers, Inc., from a decree awarding Carson Coffey temporary total disability from April 20, 1965 to August 1, 1967, and permanent partial disability benefits based on a thirty-five percent disability to the body as a whole. Gluck Brothers, Inc., has assigned several errors making two primary contentions. First, that the permanent, partial disability should have been fixed at no more than fifteen percent disability to the body as a whole; second, that the court should not have awarded temporary total disability benefits for the period from April 20, 1965 until August 1, 1967.

There is material evidence to sustain the following fact finding. That on or about November 4, 1964, while Coffey was working for Gluck Brothers, Inc., lumber that he had been stacking fell over on him, striking him along the area of a hip, thigh, leg and foot. That Coffey continued to work for approximately thirty days, during which he suffered pain and discomfort, even though he was doing lighter work. After the accident Coffey was sent by his employers to doctors in Morristown, Tennessee, and later was referred to Dr. Dennis Coughlin, of Knoxville. Following examinations and tests, in the latter part of January, 1965, Dr. Coughlin performed a laminectomy on Coffey, removing the nucleus pulposus from the inside portion of the disc between the third and fourth lumbar vertebrae. Following this operation Mr. Coffey remained in the hospital approximately two weeks, after which he was sent home. Dr. Coughlin examined Coffey on March 3, 1965; on March 31, 1965; and on April 14, 1965. On this last examination, Dr. Coughlin found that Coffey had fully recovered from his injury to the extent that recovery was possible and told Coffey it

was safe for him to return to gainful employment, with the recommendation that he not lift in excess of fifty pounds. With respect to the extent of Coffey's recovery, Dr. Coughlin testified:

"Q. Other than placing a limit of fifty pounds on his lifting, did you limit the type of employment that he might engage in in any way?

A. No, sir.

Q. In other words, he could do anything—any type activity that he desire other than lifting more than fifty pounds.

A. Yes, sir.

Q. And this was on April the 14th, 1965?

A. Yes, sir, that is correct.

Q. Subsequent to April the 14th, 1965, Dr. Coughlin, did you treat Mr. Coffey any more?

A. No, actually I did not treat him specifically any after he left the hospital and certainly not after April 14th.

Q. I believe that you made some other examinations after April 14th. * * *

A. Yes, I did examine him.

Q. (Continuing)—but did you—you say you did not treat him anymore after that date?

A. That is correct.

Q. And I take it the reason you did not was, in your opinion, he had reached maximum recovery, is that correct?

A. That is correct."

Dr. Coughlin next saw Mr. Coffey on May 12, 1965 when Mr. Coffey told him he had not returned to work because he was unable to drive some forty miles from his home to his place of employment. Dr. Coughlin saw Mr. Coffey again on July 12, 1965, and later, on October 12, 1965, and last, on December 7, 1965. He testified that on the basis of his examinations of Mr. Coffey on these occasions following his discharge of him as a patient in April, it was his opinion that Coffey was able to return to work in April, 1965 as he had advised him, and that his physical condition had improved from that time until the time of the last examination. With respect to the December 1965 examination, he said:

"* * * in the final analysis, I found no objective evidence of any abnormality except for the healed operative incision and the minimal arthritic changes which I felt were consistent with his age which is 51."

He also testified:

"Q. Here again I will ask you if on the last time you examined him on December 12, 1965, he was essentially in the same condition that you found him on April 12, 1965, when you felt he had reached maximum recovery and allowed him to return to work or told him he could return to work?

A. Yes, sir, he was the same."

Dr. Coughlin then testified that in his professional opinion Coffey had a fifteen percent partial disability to the body as a whole referrable to his November 1964 injury and subsequent laminectomy. He testified that this evaluation was made on the basis of physical impairment and

reduction of stamina, or ability to work; this opinion being arrived at from a medical point of view.

The record also contains evidence that Dr. Thomas Stevens, a bone specialist at Knoxville Orthopedic Clinic, rated Coffey's disability at twenty percent.

In addition, there is Coffey's testimony that even as of the time of the trial he was still totally disabled, which has very little, but possibly some support from the testimony of lay witnesses to the effect that he did not appear to be able to work as he had in the past. The record indicates that prior to his injury, Coffey did heavy manual labor such as hauling fertilizer, cutting timber and general farm work. That Coffey is an uneducated, almost illiterate man, fifty-one years of age and unable to do any other type of work than manual labor, and on this basis, and on the basis of the whole testimony, the trial court awarded permanent, partial disability to the extent of thirty-five percent to the body as a whole, attributable to the November 1964 accident.

■ Bearing in mind the material evidence rule, together with the trial court's opportunity to see and examine and evaluate Coffey, and the trial court's evident reliance on this in addition to the medical proof, we are not inclined to sustain the assignment of error going to the permanent, partial disability. We think our holding in *Gulch Lumber Co. v. Fields,* 193 Tenn. 365, 246 S.W.2d 47, an opinion based on considerable prior authority to the same effect, requires us, in view of the entire record to sustain this finding of the trial judge and overrule this assignment of error.

However, although we have examined this record from the point of view the final decree of the trial court was

correct, and from the point of view favoring sustaining the total award if possible, consistent with the law and the record, we have concluded the assignments going to the award of temporary total disability are good, and that the employer's contention with respect to this must be sustained.

As to this issue the proof shows that Gluck Brothers paid Coffey all temporary total disability benefits due him from the date of the injury through April 14, 1965, the date the uncontradicted proof shows Coffey was advised by his doctor he had sustained a full recovery and that he should return to work, with no restrictions other than a limit of fifty pounds on lifting. The only other evidence bearing on the issue of temporary total disability benefits in any way is that of Mr. Coffey that he has not worked since the accident because he has not been able to.

The trial court awarded temporary total disability benefits from and after April 20, 1965 until August 1, 1967; a period including not only the ten months from the time the case was filed until it was tried by also the almost seventeen months the case was under advisement.

In considering this holding we are of course struck by the fact that there is no evidence at all to sustain the award for the period of time the case was under advisement, unless Coffey's testimony at the trial had to be related to the future. But, the question arises, if this had to be done, when is the temporary total disability period to end? Then, the question arises, was this extension of the temporary total disability period up to the date of the order based on discretionary consideration of the facts or, did this period end at this time simply be-

cause this was the date of the entry of the order? There is no evidence that temporary total disability continued up to this time, and likewise no evidence that it stopped as of this time.

All this raises the question how the very same evidence can be the basis of both permanent partial and temporary total. In other words, can this evidence which has been characterized judicially as a basis of a judgment for a partial disability be made the basis for a more or less indefinite award of temporary *total* disability; indefinite, because it seems that the period has been cut off as of August 1, simply because that is the date the order was entered; and not upon any facts in the record showing when the period ended.

The conclusions reached simply do not stand analysis, and cannot in law amount to a judgment on the facts binding on this Court under the material evidence rule. We think it is inconsistent to hold that same evidence, covering the same period of time, sustains both a total and a partial award. In this situation, this Court must make a finding consistent with the facts.

In *Insurance Co. of North America, Inc. v. Lane,* 215 Tenn. 376, 386 S.W.2d 513, and *Redmond v. McMinn County,* 209 Tenn. 463, 354 S.W.2d 435, this Court said that the temporary total disability period refers to that period of time the employee's injury prevents him from working, and during which he is recuperating as far as the nature of his injury permits. In other words, the temporary total disability period is the healing period during which the employee is totally prevented from working. Under the rule announced in these cases, whereby the temporary total disability period is cut off

when the workman has reached its maximum recovery, at which point either permanent total or permanent partial disability commences, we must hold that Coffey had sustained a maximum recovery from his injury as of April 14, 1965. We hold that we are not required to apply the material evidence rule and decide the case alone on Coffey's testimony that he was not able to work even as of the time of the trial, because we find that this evidence was not accepted at face value by the trial judge, who otherwise would have had to order a continuation of temporary total or have ordered permanent total, and that this leaves us at liberty to consider and apply the whole evidence properly.

Accordingly, the decree will be modified in this case so as to award Mr. Coffey only permanent partial disability benefits, dating from April 20, 1965, based on thirty-five percent disability to the body as a whole.

The costs of the appeal are taxed against Gluck Brothers, Inc.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.