

FILED
February 23, 2015
IN COURT OF
WORKERS' COMPENSATION
CLAIMS
Time 4:03 PM

## COURT OF WORKERS' COMPENSATION CLAIMS
## DIVISION OF WORKERS' COMPENSATION

**EMPLOYEE: Christopher Shelton**

**EMPLOYER: Performance Food Group**

**INSURANCE CARRIER:  Gallagher Bassett, TPA**

**DOCKET #: 2014-06-0022**
**STATE FILE #: 58501/2014**
**DATE OF INJURY: July 28, 2014**

### EXPEDITED HEARING ORDER

THIS CAUSE came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing filed by Christopher Shelton, Employee ("Mr. Shelton"), to determine whether Employer, Performance Food Group ("PFG"), is obligated to provide temporary disability benefits.  Mr. Shelton requested a ruling based on a review of the record without an evidentiary hearing.  Mr. Shelton is self-represented.  Attorney David Deming represents PFG and its workers' compensation Carrier.

The undersigned reviewed the file and concludes that no additional information is needed to determine whether Mr. Shelton is likely to prevail at a hearing on the merits of the claim.  *See* Mediation and Hearing Procedures Rule 0800-02-21-.14(1)(c) (2014).  Upon a review of the file submitted and the applicable law, the Court hereby denies Mr. Shelton's request for temporary disability benefits for the reasons set forth below.

### ANALYSIS

#### Issue

*Whether Mr. Shelton is entitled to temporary disability benefits.*

#### Evidence Submitted

Mr. Shelton requested a ruling based on a review of the record.  PFG did not object. Therefore, the Court identifies the following documents as the "record" reviewed:

- Petition for Benefit Determination, December 11, 2014
- Dispute Certification Notice, February 9, 2015
- Request for Expedited Hearing, February 9, 2015
- Medical records, Middle Tennessee Occupational & Environmental Medicine, Inc. ("MTOEM"), July 29-October 9, 2014 (15 pages)

1

- Employer's position statement (E-mail from Attorney David Deming), December 23, 2014
- PFG note, August 7, 2014
- PFG Employee's Statement of Injury/Illness, July 29, 2014 (2 pages)
- PFG Standards of Associate Conduct Policy (2 pages)
- Receipt for Associate Handbook, signed by Mr. Shelton, July 2, 2014
- Personal Conduct Standards
- Separation Notice, August 7, 2014
- Employer's First Report of Work Injury or Illness, July 29, 2014
- Wage Statement, October 8, 2014
- Medical Certificate, October 8, 2014
- Notice of Mediated Agreement, October 29, 2014 (2 pages).

## History of Claim

Mr. Shelton is a twenty-one (21) year-old resident of Wilson County, Tennessee. On July 28, 2014, while at work for PFG, he injured his right elbow loading a box of potatoes onto a pallet. PFG accepted the injury as compensable. PFG provided a panel from which Mr. Shelton chose Middle Tennessee Occupational & Environmental Medicine. Mr. Shelton received treatment from MTOEM from July 29, 2014, until the authorized treating physician (ATP) released him with "NO RESTRICTIONS-REGULAR DUTY" on August 20, 2014 (capitalization in original). PFG accommodated the assigned restrictions between July 29, 2014, and August 7, 2014, when PFG discharged Mr. Shelton for failing to comply with company policy regarding the timeliness of his injury report.

The parties agreed to temporary total disability payments from August 15, 2014, to August 19, 2014, during a previous mediation. Mr. Shelton filed the present Petition for Benefit Determination requesting additional temporary payments. Both parties acknowledge that the ATP requested an EMG/NCV test on Mr. Shelton's right arm.

## Employee's Contentions

Mr. Shelton contends he remains injured and cannot work. He insists the only reason the ATP released him on full-duty was to allow him to obtain work because PFG terminated him.

## Employer's Contentions

PFG contends the medical records clearly indicate the ATP released Mr. Shelton to full-duty work without restrictions. Therefore, Mr. Shelton is not entitled to temporary benefits under the Worker's Compensation Law.

## Findings of Fact and Conclusions of Law

### Standard Applied

When determining whether to award benefits, the Judge must decide whether the moving party is likely to succeed on the merits at trial given the information available. *See generally, McCall v. Nat'l Health Care Corp.*, 100 S.W.3d 209, 214 (Tenn. 2003). In a workers' compensation action, pursuant to Tennessee Code Annotated section 50-6-239(c)(6) (2014), the employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence. The employee must show the injury arose primarily out of and in the course and scope of employment. Tenn. Code Ann. § 50-6-102(13) (2014).

### Factual Findings

Mr. Shelton injured his right elbow at work on July 28, 2014. PFG accepted the injury as compensable and provided a panel. Mr. Shelton selected MTOEM from the panel. The ATP assigned temporary restrictions. PFG accommodated the temporary restrictions. The ATP released Mr. Shelton to return to work full duty without restrictions on August 20, 2014. Despite a subsequent office visit where the ATP ordered an EMG/NCV study, the records do not indicate any present restrictions or "no work" orders.

### Application of Law to Facts

Temporary total disability benefits, authorized by Tennessee Code Annotated section 50-6-207(1) (2014), ensure that employees receive compensation during the time they are totally prevented from working while recuperating as far as the nature of their injury permits. *Gluck Bros., Inc. v. Coffey*, 431 S.W.2d 756, 759 (Tenn. 1968). In other words, "the temporary total disability period is the healing period during which the employee is totally prevented from working." *Id.* In order to establish a *prima facie* case for temporary total disability benefits, the worker must show that (1) he or she was totally disabled and unable to work due to a compensable injury, (2) the work injury and inability to work are causally connected, and (3) the duration of the disability. *Gray v. Cullom Machine, Tool & Die, Inc.*, 152 S.W.3d 439, 443 (Tenn. 2004).

After a thorough and careful review of the entire record submitted, the Court finds no medical evidence to support Mr. Shelton's claim that he is unable to work and thereby entitled to temporary benefits at this time. Although Mr. Shelton may require an EMG/NCV study, this need does not demonstrate that he is unable to work. The last medical record concerning his ability to work, dated August 20, 2014, indicates that he has the ability to return to work, full duty. Should Mr. Shelton subsequently obtain the requisite proof under *Gray*, this Court encourages the parties to revisit the issue directly. If they cannot reach an agreement, Mr. Shelton may file another Request for Expedited Hearing.

In sum, insufficient evidence exists in the record at this time to prove Mr. Shelton is entitled to temporary disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Shelton's request for temporary benefits is denied.

2. PFG and/or its workers' compensation Carrier shall continue to provide Mr. Shelton with medical treatment for his injuries as required by Tennessee Code Annotated section 50-6-204 (2014).

3. This matter is set for Initial Hearing on April 8, 2015, at 9:30 a.m.

**ENTERED this the 23rd day of February, 2015.**

**Kenneth M. Switzer, Chief Judge**
**Court of Workers' Compensation Claims**

Initial Hearing:

An Initial Hearing has been set with **Chief Judge Kenneth M. Switzer, Court of Workers Compensation. You must dial in at 615-532-9552 or 866-943-0025 toll free to participate in your scheduled conference.**

**Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation.** All conferences are set using Central Time (CT).

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven (7) business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. If applicable, the parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a statement of the evidence within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. The Judge must approve the statement of the evidence before the Clerk of the Court of Workers' Compensation Claims shall submit the record to the Clerk of the Appeals Board.

5. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three (3) business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three (3) business days of the filing of the appellant's position statement.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 23rd day of February, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Christopher Shelton, Employee | | | | | x | christopherjshelton@yahoo.com |
| David Deming, Employer/Carrier's Attorney | | | | | x | ddeming@manierherod.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims

5