. FILED

March 3, 2015

IN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 1:50 PM



## COURT OF WORKERS' COMPENSATION CLAIMS
## DIVISION OF WORKERS' COMPENSATION

**EMPLOYEE: JEFFREY SCARBROUGH**      **DOCKET #: 2014-03-0006**
                                      **STATE FILE #: 69072-2014**
**EMPLOYER: RIGHT WAY RECYCLING, LLC**    **DATE OF INJURY: JULY 23, 2014**

**INSURANCE CARRIER:  N/A/NO COVERAGE**


### EXPEDITED HEARING ORDER

THIS CAUSE came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing filed by Jeffrey Scarbrough (Employee). Considering the positions of the parties, the applicable law, and all of the evidence submitted, the Court hereby finds as follows:

On January 21, 2015, Jeffrey Scarbrough, through counsel, filed a Request for Expedited Hearing with the Tennessee Court of Workers' Compensation Claims, Division of Workers' Compensation, pursuant to Tennessee Code Annotated section 50-6-239 to determine if the provision of temporary disability and/or medical benefits is appropriate.

### ANALYSIS

#### Issues

- Whether Mr. Scarbrough sustained an injury that arose primarily out of and in the course and scope of employment with Right Way Recycling;
- Whether Right Way Recycling must provide a panel of physicians to Mr. Scarbrough;
- Whether Right Way Recycling must pay for past medical and/or mileage expenses;
- Whether Right Way Recycling must provide Mr. Scarbrough additional medical care as recommended by a physician;
- Whether Right Way Recycling must pay Mr. Scarbrough any past or future temporary total disability benefits and if so, in what amount;
- Whether Right Way Recycling has adequate grounds to deny Mr. Scarbrough's claim based on the affirmative defenses of willful misconduct.

1

**Evidence Submitted**

The following witnesses testified in person at the hearing:

o Jeffrey Scarbrough
o Kumar Roopchan
o Francisco Sebastian
o Johnny Munsey

The parties introduced the following exhibits into evidence:

- **Exhibit 1:** Affidavit of Jeffrey Scarbrough
- **Exhibit 2:** Deposition transcript of Johnny Munsey
- **Exhibit 3:** Deposition transcript of Francisco Sebastian
- **Exhibit 4:** Deposition transcript of Kumar Roopchan
- **Exhibit 5:** Wage Statement with stipulated rate of $360.00
- **Exhibit 6:** Medical Records and Expenses of:
  - o University of Tennessee Medical Center
  - o Neurosurgical Associates
- **Exhibit 7:** Deposition transcript of Jeffrey Scarbrough
- **Exhibit 8:** Time Cards
- **Exhibit 9:** Jeffrey Scarbrough's employment application

The Court designated the following as the technical record:

o Petition for Benefit Determination filed September 4, 2014
o Dispute Certification Notice filed November 21, 2014
o Request for Expedited Hearing filed January 21, 2015

The Court did not consider documents attached to the above-designated filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in the above filings as allegations unless established by the evidence.

**History of Claim**

Mr. Scarbrough worked as a laborer for Right Way Recycling (Right Way) pulling parts off cars and striping wires (Exhibit 7, p. 26). Right Way employees usually arrived at 8:00 a.m. In order to open the business each morning, someone had to move the trackhoe/crane (trackhoe), bobcat, and forklift. Francisco Sebastian regularly operated the trackhoe (Exhibit 3, p. 16). On July 23, 2014, Mr. Sebastian did not arrive at opening time (Ex. 3, p. 7). On that date, Mr. Scarbrough attempted to move the trackhoe but could not to start it (Ex. 7, p. 26). Mr. Scarbrough fell while climbing down from the trackhoe, injuring his head/neck (Ex. 7, p. 38). He received treatment from: UT Medical Center; Dr. Michael Walsh, and Dr. Brian Powell.

The Court convened an Expedited Hearing on February 3, 2015. Attorney Chris Beavers represented Mr. Scarbrough and attorney Joshua Wolfe represented Right Way. The following witnesses provided live

2

testimony at the hearing: Jeffrey Scarbrough; Kumar Roopchan; Francisco Sebastian; and Johnny Munsey.

## Mr. Scarbrough's Contentions

Attorney Beavers argued that the Right Way employees were required to move the heavy equipment in order to open the business. Mr. Sebastian usually moved the trackhoe but he was not at work on July 23, 2014. Mr. Scarbrough stated that Mr. Roopchan yelled at everyone to "Get the damn place open so they started moving equipment, cars, and trucks (Ex. 7, p. 33). He testified that Right Way never told him he could not operate the heavy equipment (Ex. 7, p.36). Mr. Scarbrough tried to start the trackhoe, but it failed to start and he fell while climbing down. He testified that he told Mr. Roopchan that he fell and Mr. Roopchan said, "It's just a scrape. Go back to work" (Ex.7, p. 41). Mr. Scarbrough testified that the medical providers took him off work from July 24 until September 24, 2014.

Mr. Beavers averred Right Way did not have an official policy or safety rule prohibiting Mr. Scarbrough from operating the trackhoe. Further, there was nothing inherently dangerous about moving the trackhoe since Mr. Scarbrough had previously operated heavy equipment. Mr. Scarbrough did not have actual knowledge that Right Way prohibited him from operating the trackhoe. Mr. Beavers further averred that Right Way did not enforce the alleged policy and Mr. Roopchan did not discipline Mr. Scarbrough when he allegedly violated it. Mr. Beavers stated Mr. Scarbrough did not benefit from his attempt to move the trackhoe but, if successful, his actions would have benefited Right Way. Finally, Mr. Beavers noted that Mr. Scarbrough committed an error in judgment but did not willfully or intentionally fail to follow a safety policy. Right Way, therefore, failed to establish that Mr. Scarbrough engaged in willful misconduct. Accordinlgy,, Right Way must pay Mr. Scarbrough's medical expenses and also pay him temporary total disability benefits from July 24 through September 24, 2014.

## Right Way's Contentions

Mr. Wolfe stated that the employees knew that only Mr. Sebastian and Mr. Roopchan had authorization to move the trackhoe. Right Way told Mr. Scarbrough not to operate the trackhoe but he willfully and intentionally ignored the standing order. Mr. Roopchan, Mr. Sebastian, and Mr. Munsey testified that the Right Way employees were told that no one other than Mr. Roopchan and Mr. Sebastian were allowed to operate the trackhoe (Ex. 4, p.22.; Ex. 3, pp. 11, 12; Ex. 2, pp. 15, 16). They also testified that when Mr. Scarbrough came to pick up his final check, he acknowledged that he should not have been on the trackhoe (Ex. 4, pp. 2, 27; Ex. 3, pp. 25, 26; Ex. 3, pp. 18, 19). Mr. Roopchan also stated that they never need to enforce the policy because no employee had ever broken it (Ex. 4, p. 39). Mr. Wolfe averred that Mr. Scarbrough engaged in willful misconduct and, as a result, his claim is not compensable. Further, Mr. Wolfe argued that the definition of injury has changed and, because moving the trackhoe was not part of Mr. Scarbrough's job duties, the injury did not arise primarily in the course and scope of his employment.

## Findings of Fact and Conclusions of Law

### Standard Applied

When determining whether to award benefits, the Judge must decide whether the moving party is likely to succeed on the merits at trial given the information available. *See generally, McCall v. Nat'l Health*

*Care Corp.*, 100 S.W. 3d 209, 214 (Tenn. 2003). In a workers' compensation action pursuant to Tennessee Code Annotated section 50-6-239(c)(6), the employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence. Employee must show the injury arose primarily out of and in the course and scope of employment. Tenn. Code Ann. § 50-6-102(13).

*Factual Findings*

Upon consideration of the testimony in open court, the exhibits introduced as evidence, the arguments of the parties, and the entire record in this claim, the Court finds:

- Mr. Scarbrough knew that Mr. Sebastian and Mr. Roopchan always moved the trackhoe.
- On the date of injury, Mr. Sebastian was not at work to move the trackhoe.
- Mr. Scarbrough had prior experience as a heavy equipment operator.
- On the date of injury, Mr. Scarbrough tried to move the trackhoe so Right Way could open to its customers.
- While Mr. Scarbrough's attempt to move the trackhoe may have been negligent since he had not operated heavy equipment in the past ten (10) years, his actions did not rise to the level of willful misconduct.
- Mr. Scarbrough acted in the course and scope of his employment when he attempted to move the trackhoe because his actions furthered the business interests of Right Way.
- Mr. Roopchan and Mr. Sebation told Mr. Scarbrough not to operate the trackhoe/crane but their actions did not establish a specific safety rule in place that was enforced.
- Mr. Scarbrough's injury prevented him working from July 24, through September 24, 2014.

*Application of Law to Facts*

The controlling case outlining the willful misconduct affirmative defense is *Mitchell v. Fayetteville Public Utilities,* 368 S.W.3d 442 (Tenn. 2012). The previous statutory preference for an equitable construction and a remedial application played no role in that case's outcome. Therefore, this Court is bound by its principles. *See Goodman v. HBD Indus.*, 208 S.W.3d 373 (Tenn. 2006). In order to successfully defend a workers' compensation claim on the basis of willful misconduct, willful disobedience of safety rules, or willful failure to use a safety device under Tennessee Code Annotated section 50-6-110(a), the *Mitchell* Court adopted a four-step test: (1) the employee's actual, as opposed to constructive, notice of the rule; (2) the employee's understanding of the danger involved in violating the rule; (3) the employer's bona fide enforcement of the rule; and, (4) the employee's lack of a valid excuse for violating the rule. *Mitchell,* 368 S.W. at 453.

Tennessee Code Annotated section 50-6-204(a)(1)(A) (2014) provides that employers must provide to injured employees such medical care and treatment "made reasonably necessary by accident as defined in this chapter." The statute further requires the employee to accept medical benefits furnished by the employer, provided, that:

> [I]in any case when the employee has suffered an injury and expressed a need
> for medical care, the employer shall designate a group of three (3) or more

4

reputable physicians, surgeons, chiropractors or specialty practice groups if available in that community… from which the injured employee shall select one (1) to be the treating physician.

Tenn. Code Ann. § 50-6-204(3)(A) (2014). The Tennessee Supreme Court has held that where the employer fails to give the employee the opportunity to choose the ultimate treating physician from a panel of at least three physicians, he runs the risk of having to pay the reasonable cost for treatment of the employee's injuries by a physician of the employee's choice. *United States Fidelity & Guaranty Co. v. Morgan*, 795 S.W.2d 653, 655 (Tenn. 1990). The decision turns on the issue of whether, under the circumstances, the employee was justified in obtaining further medical services, without first consulting the employer or its insurer. *Id.,* citing *Burlington Industries, Inc. v. Clark,* 571 S.W.2d 816 (1978).

Temporary total disability benefits, authorized by Tennessee Code Annotated section 50-6-207(1), ensure that employees receive compensation during the time they are totally prevented from working while recuperating as far as the nature of their injury permits. *Gluck Bros., Inc. v. Coffey*, 431 S.W.2d 756, 759 (Tenn. 1968). In other words, "the temporary total disability period is the healing period during which the employee is totally prevented from working." *Id.* In order to establish a *prima facie* case for temporary total disability benefits, the worker must show that (1) he or she was totally disabled and unable to work due to a compensable injury, (2) the work injury and inability to work are causally connected, and (3) the duration of the disability. *Gray v. Cullom Machine, Tool & Die, Inc.*, 152 S.W.3d 439, 443 (Tenn. 2004).

In this case, Right Way alleged that Mr. Roopchan and Mr. Sebastian told Mr. Scarbrough on one or two occasions not to operate the trackhoe. Mr. Roopchan testified that there were no safety rules posted on the premises or on the trackhoe. Further, he testified that he did not have any documentation that established the rule or proved that Mr. Scarbrough knew about the rule. This Court finds telling an employee not to do something on one or two occasions does not rise to the level of having a safety rule or policy in place. Furthermore, the Court finds that even if Right Way established a policy prohibiting operating Mr. Scarbrough from operating the trackhoe, Mr. Scarbrough did not violate the policy because he never operated the trackhoe. It is undisputed that Mr. Scarbrough did not start the trackhoe but fell while exiting it. Accordingly, the alleged violation of the safety rule from operating the trackhoe did not cause Mr. Scarbrough's injury.

Mr. Scarbrough testified that he had operated heavy equipment in the past. Accordingly, this Court finds that Mr. Scarbrough could not have appreciated the danger involved in moving the trackhoe because no danger existed.

This Court finds that even if there was an applicable safety rule in place, Right Way did not establish that it exercised bona fide enforcement of the rule because Mr. Roopchan did not discipline Mr. Scarbrough when he attempted to move the trackhoe.

Mr. Scarbrough testified that he only attempted to move the trackhoe because Mr. Sebastian was not present and they had to move the equipment in order for the business to open. This Court finds Mr. Scarbrough's on this issue established a valid reason/excuse for attempting to move the trackhoe.

5

Finally, although moving the trackhoe was not one of Mr. Scarbrough's assigned work duties, his attempt to move it on the date of injury furthered Right Way's business interests. Therefore, this Court finds that Mr. Scarbrough's injury arose primarily out of and in the course and scope of his employment. Right Way did not provide Mr. Scarbrough with a panel of physicians. Therefore, it was reasonable for him to obtain medical services. Mr. Scarbrough established that he was disabled from working for the time period of July 24 through September 24, 2014. Therefore, he is entitled to temporary total disability benefits for that time period.

**IT IS, THEREFORE, ORDERED** as follows:

1. Medical care for Mr. Scarbrough's injuries shall be paid and Right Way Recycling, LLC shall provide Mr. Scarbrough with medical treatment for these injuries as required by Tennessee Code Annotated section 50-6-204, to be initiated by Right Way Recycling, LLC providing Employee with a panel of physicians as required by that statute for any future care that is reasonable, necessary, and related to this July 23, 2014, injury. Further, Right Way Recycling, LLC is responsible for reimbursement/payment of past medical expenses that were reasonable, necessary, and related to his July 23, 2014, injury. Medical bills shall be furnished to Right Way Recycling, LLC by Mr. Scarbrough, Mr. Beavers, or the medical providers.

2. The amount of temporary disability benefit is $360.00 per week based on the stipulation of the parties.

3. Payment of past due benefits in the amount of $3,240.00 shall be made for the period from July 24, 2014 to September 24, 2014.

4. This matter is set for Initial Hearing on **March 31, 2015 at 9:30 a.m. EST**.

5. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven (7) business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Division by email to WCCompliance.Program@tn.gov no later than the seventh (7th) business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

6. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED this the 3rd day of March 2015.**

**Hon. Lisa A. Knott**
**Workers' Compensation Judge**

6

Initial Hearing:

Your conference has been set with Judge Lisa A. Knott, Court of Workers' Compensation Claims on **March 31, 2015, at 9:30 a.m. EST**. You must call **865-594-0109** on that date and time in order to participate in your scheduled conference.

Please Note: Failure to appear may result in a determination of the issues without your further participation.

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal".

2. File the completed form with the Court Clerk *within seven (7) business days* of the date the Expedited Hearing Order was entered by the Workers' Compensation Judge.

3. Serve a copy of the Request for Appeal upon the opposing party.

4. The parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a statement of the evidence within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must be approved by the Judge before the record is submitted to the Clerk of the Appeals Board.

5. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three (3) business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three (3) business days of the filing of the appellant's position statement.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 3rd day of March, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Chris Beavers. Esq. | | | | | | chriswbeavers@yahoo.com |
| Joshua A. Wolfe, Esq. | | | | | | Josh.wolfe@leitnerfirm.com |

Penny Shrum, Clerk
Tennessee Court of Workers' Compensation Claims

8