

**FILED**

**November 6, 2015**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 8:29 AM**



## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | |
|---|---|
| **DEBORAH SYPH,** ) | **Docket No.: 2015-06-0288** |
| **Employee,** ) | |
| **v.** ) | **State File Number: 36614-2015** |
| **CHOICE FOOD GROUP, INC.,** ) | |
| **Employer,** ) | **Judge Joshua Davis Baker** |
| **And** ) | |
| **AUTO OWNERS INSURANCE,** ) | |
| **Carrier.** ) | |
| ) | |

---

## EXPEDITED HEARING ORDER DENYING
## TEMPORARY DISABILITY A ND MEDICAL BENEFITS

---

THIS CAUSE came to be heard before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing filed by the employee, Deborah Syph, pursuant to Tennessee Code Annotated section 50-6-239 (2014). The disputed issue centers upon whether Ms. Syph's injury arose primarily out of and in the course and scope of her employment for the employer, Choice Food Groups, Inc., or preexisted the alleged workplace injury. The Court finds that Ms. Syph failed to present sufficient proof of medical causation and denies her claim for temporary disability and medical benefits.[1]

### History of Claim

Deborah Syph is a fifty-three-year-old resident of Davidson County, Tennessee, with a history of back pain. On October 31, 2003, Ms. Syph presented at Mercy St. Vincents Medical Center with complaints of chronic back pain and pain in her left leg. (Ex. 1 at 1.) In February 2006, Ms. Syph returned to St. Vincents complaining of pain in her right arm, chest and back. *Id*. at 3-10. Ms. Syph sought treatment for her back several more times from different providers during the remainder of the year. *Id*. at 11-44. In 2009, Ms. Syph sought treatment for her back again at St. Vincents. *Id*. at 45-51.

At the time of the incidents at issue, Ms. Syph worked for Choice Foods in the

---

[1] Additional information regarding the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an Appendix.

chicken salad production area of its food packaging factory.

On February 25, 2015, Ms. Syph worked in the area of the factory that produced macaroni and cheese. Ms. Syph worked in macaroni and cheese production before and testified that male factory workers normally removed the totes of macaroni from the pallet, weighed the product and placed the product in "pockets." On the day of her injury, however, Ms. Syph testified that no male workers assisted, and she and her female coworkers repeatedly performed these tasks—"going up-to-down-up-to-down—over the course of a ten-hour shift."

During her shift, Ms. Syph testified that her back began to hurt; she informed her production-line leader of her pain. The production-line leader told Ms. Syph that Choice Foods had no one to replace her, so she would have to continue the work. She finished her shift that day and worked in the macaroni and cheese area several more days that week.

After several days, Ms. Syph returned to her normal job of packaging chicken salad. When she returned, Ms. Syph testified that she could no longer perform the work with the same efficiency.

Ms. Syph went to a doctor have her back examined. The doctor told her that she needed to see an orthopedic specialist. Ms. Syph went to see Dr. Melvin Law, who provided her conservative treatment.[2]

In a letter to counsel for Choice Foods, Dr. Law stated that Ms. Syph's imaging studies revealed on anatomical change in the pre- and post-condition of her back. (Ex. 1 at 145.) Dr. Law further stated that Ms. Syph's post-injury subjective complaints of pain and dysfunction were not significantly different from the pre-injury complaints documented in her medical records. *Id.* Dr. Law stated the following concerning causation:

> In response to your letter dated September 21, 2015, after review of Ms. Syph's medical records as well as the reports of her prior x-rays and imaging studies, I am unable to say within a reasonable degree of medical certainty that she suffered a new injury. I am unable to say whether she had an exaggeration of her preexisting condition given that we have an inaccurate history.

*Id.*

---

[2] Choice Foods provided Ms. Syph a physician panel that included Dr. Law. (Ex. 3.) The panel shows that Ms. Syph selected Dr. Law on July 13, 2015, several months after her first visit.

Ms. Syph filed a Petition for Benefit Determination seeking temporary disability benefits. (T.R. 1.) The parties did not resolve the disputed issues through mediation, and the Mediation Specialist filed a Dispute Certification Notice. (T.R. 2.) Ms. Syph filed a Request for Expedited Hearing seeking temporary disability and medical benefits on July 7, 2015. (T.R. 3.) The Clerk scheduled the claim for an Expedited Hearing. Thereafter, the parties submitted an agreed order cancelling the scheduled Expedited Hearing due to Choice Foods' provision of a treatment panel to Ms. Syph. (T.R. 4.) The Court entered the agreed order and scheduled an Initial Hearing. *Id.* At the Initial Hearing, Ms. Syph informed the Court her issues concerning medical and temporary disability benefits remained unresolved. The Court continued the Initial Hearing, and Ms. Syph filed a new Request for Expedited Hearing. (T.R. 5, 6.) The Court conducted an Expedited Hearing on October 21, 2015.

**Findings of Fact and Conclusions of Law**

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Tindall v. Waring Park Ass'n,* 725 S.W.2d 935, 937 (Tenn. 1987); *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at \*6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at \*7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

Under the Tennessee Workers' Compensation Law, an injury that occurs after July 1, 2014, must arise "primarily out of and in the course and scope of employment, and [be] identifiable by time and place of occurrence[.]" Tenn. Code Ann. § 50-6-102(13)(A) (2014). "An injury 'arises primarily out of and in the course and scope of employment' only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes[.]" Tenn. Code Ann. § 50-6-102(13)(B) (2014).

The matter at issue here is whether Ms. Syph's back pain resulted from work with Choice Foods or her preexisting back condition. Except in "the most obvious, simple and routine cases," a workers' compensation claimant must establish by expert medical testimony that he or she is injured and that there exists a causal relationship between the injury and the claimant's employment activity. *Wheetley v. State*, No. M2013-01707-

3

WC-R3-WC, 2014 Tenn. LEXIS 476, at *5 (Tenn. Workers' Comp. Panel June 25, 2014) (citing *Excel Polymers, LLC v. Broyles*, 302 S.W.3d 268, 274 (Tenn. 2009); *Cloyd v. Hartco Flooring Co.*, 274 S.W.3d 638, 643 (Tenn. 2008)).

Normally, Ms. Syph would not need to prove medical causation to establish eligibility for medical benefits. *See McCord*, *supra*. In this case, however, Dr. Law evaluated Ms. Syph and opined that medical causation could not be established. The Workers' Compensation Law presumes the authorized treating physician's opinion on causation is correct unless rebutted by a preponderance of the evidence. *See* Tenn. Code Ann. § 50-6-102(13)(E) (2014). Ms. Syph provided no contradictory causation opinion. Concerning temporary disability benefits, the Workers' Compensation Law provides that an employer must provide those benefits until the employee reaches maximum medical improvement, so long as the employee can prove an inability to work due to a compensable injury. *Simpson v. Satterfield,* 564 S.W.2d 953, 955 (Tenn. 1978); s*ee also Gray v. Cullom Mach., Tool and Die, Inc.,* 152 S.W.3d 439, 443 (Tenn. 2004); *Gluck Brothers, Inc. v. Coffey,* 431 S.W.2d 756, 759 (Tenn. 1968). Ms. Syph cannot show that she suffered a compensable injury.

Without an opinion linking her back condition to her work for Choice Foods, Ms. Syph is unlikely to prevail at a hearing on the merits. The Court denies her claim for temporary disability and medical benefits at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Syph's claim for temporary disability and medical benefits is denied at this time.

2. This matter is set for a Scheduling Hearing on December 8, 2015, at 10:30 a.m. (CST).

   **ENTERED this the 6th day of November, 2015.**

_____
**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

4

Initial Hearing:

A Scheduling Hearing has been set with **Judge Joshua Davis Baker, Court of Workers' Compensation Claims. You must call 615-741-2113 or toll free at 855-874-0474 to participate in the Initial Hearing.**

**Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing

5

Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within three business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within three business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

**APPENDIX**

Exhibits:

1.  Medical Records of Deborah Syph
2.  Affidavit of Deborah Syph
3.  Panel of Physicians

Technical Record:[3]

1.  Petition for Benefit Determination filed May 11, 2015
2.  Dispute Certification Notice filed June 22, 2015
3.  Request for Expedited Hearing filed July 7, 2015
4.  Agreed Order For Medical Benefits entered July 21, 2015
5.  Continuance Order entered September 8, 2015
6.  Request for Expedited Hearing filed September 22, 2015

---

[3] The Court did not consider attachments to the above filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in the above filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 6th day of November, 2015.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Deborah Syph | X | | | 608 Lane Court Nashville, TN 37207 |
| Michael Haynie | | | X | mhaynie@manierherod.com |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**