FILED

April 15th, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 9:57 AM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| KAREN S. MCVEY, | ) | Docket No.: 2016-06-0150 |
| Employee, | ) | |
| v. | ) | State File Number: 4244-2016 |
| CHILD CARE, USA, | ) | |
| Employer, | ) | Judge Joshua Davis Baker |
| And | ) | |
| THE HARTFORD, | ) | |
| Carrier. | ) | |
| | ) | |

## EXPEDITED HEARING ORDER DENYING
## TEMPORARY DISABILITY BENEFITS (FILE REVIEW ONLY)

THIS CAUSE came to be heard before the Court upon the request for expedited hearing filed by the employee, Karen McVey, pursuant to Tennessee Code Annotated section 50-6-239 (2015). Ms. McVey requested that this Court issue a ruling on her request for expedited hearing based on a review of the documents in the case file, pursuant to Tennessee Compilation Rules and Regulations 0800-02-21-.14(1)(c) (2015). The Court finds it has sufficient information to issue an order based on a review of the file.

Through this expedited hearing, Ms. McVey seeks temporary disability, medical benefits and mileage reimbursement for travel to medical appointments. According to the claim file, however, the employer, Child Care USA (CCUSA), provided Ms. McVey medical care through workers' compensation. The only issues to be determined, therefore, are whether Ms. McVey can recover temporary disability benefits and mileage reimbursement. As explained below, the Court finds Ms. McVey is unlikely to proceed at a hearing on the merits in proving entitlement to temporary disability benefits or mileage reimbursement at this time.[1]

---

[1] A complete list of the documents the Court considered in rendering its decision is attached as an appendix to this order.

**History of Claim**

The Court derived the following claim history from the documentary evidence contained within the claim file. The file, however, contains no affidavits or sworn statements from either party. Accordingly, with the exception of the medical record contents, the Court developed this history through the parties' allegations.

Ms. McVey is a sixty-five-year-old resident of Davidson County, Tennessee, who worked as a child-care provider for CCUSA. According to her handwritten statements/correspondence, Ms. McVey injured her right upper-thigh area in the course and scope of her employment for CCUSA on October 7 or 8, 2015, when a child jumped on her back while Ms. McVey was bent over cleaning a shelf.[2] (Appx. at 8.) Ms. McVey reported the incident to her supervisor the following day and returned to work. *Id.* at 1. She worked the remainder of the week, but her condition did not improve. *Id.*

After resting over the weekend, Ms. McVey's leg became so painful she could not work. *Id.* She called CCUSA on Monday morning—October 12, 2015—to tell her supervisor she needed to rest her leg another day. *Id.* According to Ms. McVey, her supervisor told her she needed a doctor's note if she intended to miss work; CCUSA did not offer her a panel at that time. *Id.* Ms. McVey went on her own to a CVS Pharmacy clinic for treatment. *Id.* In one of her handwritten statements, Ms. McVey stated she returned to work on October 27, 2015, and CCUSA terminated her that same day. *Id.*

In her written statements, Ms. McVey claimed CCUSA terminated her because her supervisor wanted her "gone." *Id.* at 1. CCUSA disputes the reason for termination, maintaining it terminated Ms. McVey because she could not keep track of the number of children in her class. *Id.* at 10.

CCUSA provided Ms. McVey a panel, and she chose to treat at Vanderbilt Orthopaedic Institute. *Id.* at 9. She began treating with Dr. Robert Fitch on January 26, 2016. *Id.* at 17. Dr. Fitch took x-rays of Ms. McVey's right leg, which revealed right-knee osteoarthritis but no problems with her right femur. *Id.* at 6, 17. Dr. Fitch diagnosed a right-hamstring strain and referred Ms. McVey for physical therapy. *Id.* at 17.

Ms. McVey began physical therapy at Vanderbilt on January 28, 2016. *Id.* at 5. She had three physical therapy sessions. *Id.*

Although CCUSA has not denied the claim, it has concerns about compensability. In its February 17, 2016 letter to Mediating Specialist Clinton Powell, CCUSA stated the video evidence from the date of injury does not corroborate Ms. McVey's version of

---

[2] In one written statement, Ms. McVey claimed she injured her left leg.

2

events. *Id.* at 10. Additionally, CCUSA could not confirm the incident's occurrence through other investigative means. *Id.* CCUSA, however, did not raise compensability as a defense in this proceeding but stated it intends to introduce the video at a later hearing, if necessary. *Id.*

Ms. McVey filed a Petition for Benefit Determination seeking temporary disability and medical benefits. *Id.* at 1. The parties failed to reach an agreement during mediation and the Mediating Specialist filed a Dispute Certification Notice. *Id.* at 2. Ms. McVey then filed a request for expedited hearing and asked this Court to issue a ruling based on its review of the documents in the file without holding an evidentiary hearing. *Id* at 3. The clerk notified CCUSA of Ms. McVey's request. CCUSA did not object to proceeding without an evidentiary hearing.

## Findings of Fact and Conclusions of Law

The Court considered the following legal principles in rendering decision on Ms. McVey's expedited hearing request. Ms. McVey has the burden of proving all essential elements of her case including her entitlement to temporary disability benefits and mileage reimbursement. *See* Tenn. Code. Ann. § 50-6-239(c)(6) (2015); *Tindall v. Waring Park Ass'n,* 725 S.W.2d 935, 937 (Tenn. 1987); *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). She does not, however, need to prove every element of her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd., Mar. 27, 2015). Instead, she has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.* As explained herein, the Court finds Ms. McVey failed to carry her burden of proof and, therefore, cannot recover temporary disability benefits or mileage reimbursement.

Ms. McVey presented no sworn testimony or affidavits to support her claim for temporary disability and medical benefits. The rules governing expedited hearings require an employee to provide an affidavit in conjunction with an expedited hearing or its request is subject to denial upon objection of the opposing party. *See* Tenn. Comp. R. & Regs. 0800-02-21-.14(1)(a) (2015); *Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk Comp. App. Bd. LEXIS 14 (Tenn. Workers' Comp. App. Bd., May 18, 2015), In this case, however, CCUSA did not object to proceeding on the request for expedited hearing despite Ms. McVey's omission of an affidavit. Accordingly, this Court proceeded to review the file and issue a ruling based on its contents.

Concerning Ms. McVey's request for medical benefits, the Court finds it is not well-taken because CCUSA provided Ms. McVey a panel of physicians and she received

3

treatment with her chosen physician group of Vanderbilt Orthopaedic Institute. *Id.* at 17. Accordingly, CCUSA satisfied its obligation to provide Ms. McVey medical treatment under the Workers' Compensation Law. *See* Tenn. Code Ann. § 50-6-204(a)(1)(A) & (a)(3)(A)(i) (2015).[3]  Furthermore, Ms. McVey provided no information showing she failed to receive any reasonable and necessary care from her chosen physician. For these reasons, the Court finds Ms. McVey is unlikely to succeed at a hearing on the merits in proving entitlement to additional medical treatment aside from what CCUSA currently provides.

In addition to medical care, Ms. McVey also seeks temporary disability benefits. The Court finds she also failed to demonstrate entitlement to these benefits.  The Workers' Compensation Law provides that an employer must temporary disability benefits to any employee who can prove an inability to work due to a compensable injury. *Simpson v. Satterfield,* 564 S.W.2d 953, 955 (Tenn. 1978); s*ee also Gray v. Cullom Mach., Tool and Die, Inc.,* 152 S.W.3d 439, 443 (Tenn. 2004); *Gluck Brothers, Inc. v. Coffey,* 431 S.W.2d 756, 759 (Tenn. 1968).

Ms. McVey provided no medical proof her injury prevented her from working. Although her injury doubtlessly caused her pain, the medical records do not show that any physician took her off work or imposed any workplace restrictions.  (Appx. at 5, 6, 17.)  Furthermore, even if a physician had issued restrictions, CCUSA stated it could have accommodated Ms. McVey if it had not terminated her for cause.

An injured employee is not entitled to temporary disability benefits if terminated for cause *and* the employee was reasonably capable of providing modified duty within the restrictions assigned.   The employer must demonstrate that the termination of employment involved a breach of the reasonable expectations of the employer and appears reasonably appropriate.  In such cases, the employer is deemed to have made reasonable efforts to accommodate the employee's work restrictions, and the employee's work injury is not the reason why he is not returned to his former job. *See generally Carter v. First Source Furniture Group,* 92 S.W.3d 367, 371-372 (Tenn. 2002) (holding that, "an employer should be permitted to enforce workplace rules without being penalized in a workers' compensation case"); *Ingram v. Heads Up Cutting Ctr.*, No. M2012-00464-WC-R3-WC, 2013 Tenn. LEXIS 338, at *20 (Tenn. Workers' Comp. Panel, Apr. 10, 2013); *see also Durham v. Cracker Barrel Old Country Store, Inc.*, No. E2008-00708-WC-R3-WC, 2009 LEXIS 3, at *9 (Tenn. Workers' Comp. Panel, Oct. 22, 2008); *Jones v. Crencor Leasing*, No. 2015-06-0332 TN Wrk. Comp. App. Bd.

---

[3] It is unclear, however, when CCUSA provided Ms. McVey the panel.  The Rules governing the provision of medical panels require an employer to provide a panel "within a reasonable amount of time, but in no instance longer than five (5) business days" after notice of the accident or it could be subject to penalization.  Tenn, Comp. R. & Regs. 0800-02-21-.25(1).  Additionally, an employer has a fifteen-day period to investigate a claim and determine whether to accept or reject it.  *Id*. at 0800-02-14-.04(7) (1999).  If CCUSA failed to timely provide a panel, it could be assessed a civil penalty.

LEXIS 48 (Tenn. Workers' Comp. App. Bd., Dec. 11, 2015).[4]

In this case, Ms. McVey claimed CCUSA terminated her simply because her supervisor wanted her "gone." (Appx. at 8.) She does not allege her supervisor wanted her gone because it could not accommodate her injury. In fact, CCUSA claimed it could have provided accommodating work. *Id*. at 10.

Additionally, CCUSA maintained it terminated Ms. McVey for cause, specifically, because she lost count of the children in her classroom. *Id*. This factual dispute can only be determined through a credibility finding. Neither side, however, presented sworn testimony or affidavits supporting its position. In the end, Ms. McVey bears the burden of proving entitlement to temporary disability benefits despite her termination. *See Carter,* 92 S.W.3d at 371-72. The Court finds she failed to carry her burden. Accordingly, her request for temporary disability benefits is denied at this time.

Finally, Ms. McVey seeks reimbursement of mileage expense for traveling to doctor appointments. The Workers' Compensation Law requires an employer to reimburse an employee for travel to doctor appointments when the travel distance exceeds thirty miles, round trip. Tenn. Code Ann. § 50-6-204(a)(6)(A) (2015). Ms. McVey only traveled twenty-four miles, roundtrip, to attend doctor appointments. (Appx. at 8.) The law, therefore, does not allow recovery for her travel. The Court denies her claim for mileage reimbursement.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. McVey's claims against CCUSA for additional medical benefits, temporary disability benefits and mileage reimbursement are denied at this time for lack of proof.

2. This matter is set for an Initial (Scheduling) Hearing on May 16, 2016, at 9:30 a.m. (CDT).

3. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2015). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the**

---

[4] The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS at *13 n.4.

**Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

4. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471.

**ENTERED this the 15th day of April, 2016.**

_____
**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

Initial Hearing:

A Scheduling Hearing has been set with **Judge Joshua Davis Baker, Court of Workers' Compensation Claims. You must call 615-741-2113 or toll free at 855-874-0474 to participate in the Initial Hearing.**

**Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be

6

made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

**APPENDIX**

1. Petition for Benefit Determination filed February 2, 2016
2. Dispute Certification Notice filed February 25, 2016
3. Request for expedited hearing filed February 25, 2016
4. Unsigned Affidavit of Karen McVey filed February 25, 2016
5. Physical Therapy Notes of Therapist David Jennings
6. Medical Records from Dr. Jordan Scott
7. Document from Vanderbilt Orthopaedic Institute
8. Handwritten Notes of Karen McVey
9. Choice of Physician Form
10. Letter to Clinton Powell dated February 17, 2016
11. First Report of Injury
12. Wage Statement
13. Child Care USA Employee Emergency Contact Form
14. Child Care Provider Medical Report
15. Child Care USA Job Description
16. Employee Training Documentation
17. Medical Records from Vanderbilt University Medical Center (27 pages)

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the __15th__ day of April, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Karen McVey | X | | X | 901 Patio Drive<br>Nashville, TN 37214<br>mcveykaren341@gmail.com |
| T. Tamara Gauldin, Esq. | | | X | tamara.gauldin@thehartford.com |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**